DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING

[APRIL TERM, 1913.]

## WILLIAMS v. CAMPBELL.

### (No. 747.)

ASSAULT AND BATTERY—EVIDENCE—SUFFICIENCY—DAMAGES—EXEM-
PLARY DAMAGES—INSTRUCTIONS—BURDEN OF PROOF.

1. The evidence in an action for assault and battery being in
direct conflict it was for the jury to determine which wit-
nesses were most worthy of belief, and having had full
opportunity to observe the parties and witnesses and de-
cide between them, and having passed upon their credi-
bility and the weight to be given to their testimony, and
the trial judge having refused to disturb the verdict, and
the testimony on the part of the plaintiff being sufficient
if believed to support the verdict and judgment in his
favor, the evidence must be held sufficient to sustain the
verdict.

2. Where, in an action for assault and battery, the evidence
strongly tends to show that the assault and beating were
wanton, willful and excessive, if not malicious, it is proper
to award exemplary or punitive damages.

3. In an action for assault and battery an award of $100 actual
damages and $400 exemplary damages *held* not to be ex-
cessive.

4. In an action for assault and battery committed on the public
highway it was proper to instruct the jury that plaintiff
was entitled to go about the public roads or places on his
own business free from molestation by the defendant, or
anyone, so long as he conducted himself in an orderly
manner, and anyone violating that right would be liable

for the actual damages suffered therefrom, whether the wrong was one of pure neglect, or a wanton or willful wrong, and that actual malice or wanton and willful conduct on the part of the wrongdoer was material only on the question of punitive or exemplary damages and must be shown in order to recover such damages, but if it be found that plaintiff was injured by the wrongful acts of defendant actual or compensatory damages may be assessed regardless of whether there was actual malice or intent to do wrong on the part of defendant.

5. In such an action it was proper to instruct the jury that in addition to actual damages, if any should be found, exemplary damages might be awarded, in case the jury should find that the wrongful acts of the defendant, if any, causing the actual damages, were committed in a wanton, willful or reckless manner, or in case they should find such acts to have been committed wantonly, recklessly and without due regard to the rights of plaintiff, or from any bad motive, or so recklessly as to imply a disregard for the rights and obligations of the plaintiff.

6. It was also proper to instruct that in estimating the damages it was not necessary that any specified sum should have been named or stated in the evidence, and that actual damages were such as flowed directly and naturally from the act complained of, and that such damages, if any, which the jury should find from the evidence and allow to the plaintiff should not exceed the amount claimed in the petition.

7. Where both plaintiff and defendant, in an action for assault and battery, testified that defendant struck plaintiff, and there was no evidence to the contrary, the burden was on the defendant to show that his act in striking the plaintiff was in self-defense, in order to relieve himself from civil liability therefor.

[Decided July 19, 1913.]                    (133 Pac. 1071.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*Camplin & O'Marr,* for plaintiff in error.

The overwhelming preponderance of the evidence was against the plaintiff below, entitling the defendant to a new trial. If the plaintiff was entitled to any damages as a re-

sult of the altercation, there was no reason for a recovery of more than a nominal sum. The assault was not an aggravated one, and hence it was improper to allow exemplary damages. There is no evidence upon which to base the amount awarded as actual damages. It is submitted that there is nothing in the evidence to show malice on the part of the defendant, or that what he did was oppressive in character. The plaintiff insisted that because he owned the larger interest in the horse over which the difficulty occurred he would use it as he wished. While that may not have furnished a sufficient justification for an assault upon him by the defendant, yet it presented a sufficient excuse or provocation to be considered in mitigation, and to prevent the recovery of punitive damages. (Ward v. Blackwood, 48 Am. Rep. 41.) We concede that the burden of proof was on defendant to maintain his second defense, but it was necessary for the plaintiff to prove the allegations of his petition by a preponderance of the testimony, for the answer contained a general denial, and a defendant may plead as many defenses as he has. (Comp. Stat. 1910, Sec. 4390.)

Instructions 4, 5 and 6 served to mislead the jury and were very prejudicial, because they caused the returning of the verdict that was returned. The jury were led to believe from said instructions that by finding against the defendant upon his second defense no further consideration should be given to the testimony of the defendant or of others present at the time of the alleged assault. The plaintiff was put upon his proof of every material allegation of the petition. (Comp. Stat. 1910, Sec. 4390; Cogdell v. Yett, 1 Coldw. (Tenn.) 230; Rhine v. Montgomery, 50 Mo. 566; Lansing v. Parker, 9 How. Prac. (N. Y.) 288.)

*Metz & Sackett,* for defendant in error.

The circumstances of the assault and abuse of the plaintiff by the defendant were very aggravating. The jury evidently believed the story told by the plaintiff, Campbell, and disbelieved the version of the affair testified to by Williams, except where it was corroborated by other credible evidence

or where it was against the interest of the defendant, Williams. Although there had been no battery, but simply an assault and intimidation, the case would have warranted the finding of $100 as actual damages. (Davis v. Tacoma R. & P. Co., 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 803; Adams v. Rivers, 11 Barb. 390; Schulz v. Frankfort Marine A. & P. G. Co., 139 N. W. 386.) It is apparent that the amount allowed for exemplary damages is not excessive.

BEARD, JUSTICE.

Action by defendant in error, David A. Campbell, against plaintiff in error, W. J. Williams, for damages for an alleged assault and battery. Verdict and judgment for plaintiff, and defendant brings error.

The plaintiff alleged in his petition that about January 28, 1912, the defendant with great force and violence made an assault on plaintiff and beat, bruised and wounded him and thereby caused him to become sick and to suffer great pain, to his damage in the sum of $1,000. He further alleged that said assault and beating were done by defendant with great force and violence and were maliciously and wilfully done, and claimed $2,000 exemplary damages.

The defendant's answer contained, first, a general denial of the allegations of the petition; and, second, alleged that at the time and place stated in the petition plaintiff made an assault on defendant, and that in defending himself against said assault he necessarily struck plaintiff with his hand, doing plaintiff no unnecessary damage, and that said striking was done in the necessary defense of his person from said assault. The reply denied the allegations of the second defense except that defendant struck plaintiff with his hand.

It appears that, at the date stated, the plaintiff, Campbell, was driving a six-horse team attached to two sleds, one of the horses of the team being a stallion of which plaintiff owned eight-ninths and defendant one-ninth. That defendant with his wife were driving a two-horse team attached to a sled or sleigh. The parties met and stopped, when defendant got out of his sled and went to the sled in which

plaintiff was sitting and objected to plaintiff's using the stallion for freighting, which use of said horse was the cause of the difficulty. The evidence on part of plaintiff tended to prove that defendant, without other provocation, then called plaintiff vile names and assaulted him, striking him with his fist several times on the head and face, inflicting several wounds and bruises and otherwise injuring his side and neck from which he suffered considerable pain, made him sore and lame, and that his side troubled him for a week or ten days and his neck for about five weeks, so that for a week or more he "wasn't able to do anything hardly at all. Could drive the team, but couldn't load or unload, had to have help." The evidence on part of defendant tended to prove that when he went to plaintiff's sled the latter raised a whip to strike him, and to prevent him from doing so he slapped the plaintiff in the face two or three times with the back of his hand, on which he had a cotton flannel mit, and that he did not injure plaintiff at all unnecessarily or seriously. It is not contended that plaintiff resisted or attempted to defend himself. He testified, "I knew it was utterly useless for me to compete with Mr. Williams, because he is a much better man than I am." "I was afraid, and I thought if any defense was made it would mean more punishment." After the affray defendant took the stallion out of plaintiff's team and took him away.

It is contended that the verdict and judgment are not sustained by sufficient evidence. The evidence was in direct conflict, and it was simply a question for the jury to determine which witnesses were most worthy of credence. The parties and witnesses were before it, and it had full opportunity to observe them and to decide between them. It has passed upon the credibility of the witnesses and the weight to be given to their testimony; and the judge who presided at the trial has refused to disturb the verdict. If the testimony on the part of the plaintiff is to be believed, the verdict and judgment find sufficient support therein. It tends strongly to show that the assault and beating were wanton, wilful

and execessive, if not malicious; and if so it was a proper case for awarding exemplary or punitive damages. (Sedgwick on Damages (9th Ed.), Secs. 363a and 366.) The jury by the verdict found $100 actual damages, and awarded $400 exemplary damages, and the court rendered judgment accordingly. In our opinion the amount of damages awarded was not excessive.

Instructions numbered 4, 5 and 6, given by the court to the jury, are claimed to be erroneous. By instruction numbered 4, the court told the jury that the plaintiff "had a right to go about the public roads or places on his own business, free from molestation by the defendant or any one, so long as he conducted himself in an orderly manner. * * * And any one guilty of violating any of these rights is liable for the actual damages suffered therefrom by the injured person. It matters not whether the wrong be one of pure neglect or a wanton or wilful wrong, an action will lie for the actual damages suffered. Actual malice or wanton and wilful conduct on the part of the wrongdoer is material only on the question of punitive or exemplary damages and must be shown in order to recover such damages; but, if you find that the plaintiff in this case has been injured by the wrongful acts of the defendant, you have a right to assess actual or compensatory damages against the defendant caused by such wrongful acts regardless of whether there was any actual malice or intent to do wrong on the part of the defendant or not." By instruction numbered 5 the jury was told, "In addition to any actual damages (if you find that there were any) you may award exemplary damages to the plaintiff, in case you should find that the wrongful acts, if any, by the defendant causing such actual damages were committed in a wanton, wilful or reckless manner, or in case you find such acts were committed wantonly, recklessly, and without due regard to the rights of the plaintiff or if you find that wrongful acts of the defendant causing such damages were from any bad motive or so recklessly done as to imply a disregard for the obligations and rights of the plain-

tiff." And by instruction numbered 6, "You are instructed, in estimating the damages which accrue from an assault and battery, it is not necessary that any specific sum should have been named or stated in the evidence. Actual damages are those which flow directly and naturally from the act complained of, and such damages, if any, which you find from the evidence, and allowed by you, shall not exceed $1,000, the amount claimed in the petition." These instructions, we think, fairly stated the law of the case on the points covered by them, and we fail to see how the jury could have been misled by them as claimed by counsel for plaintiff in error.

The refusal to give certain instructions requested by defendant is assigned as error. They related to the burden of proof. Both plaintiff and defendant testified that defendant struck plaintiff and there was no evidence to the contrary, and in the first instruction given, to which there was no objection, the jury was told that in those circumstances the burden was upon the defendant to show that his action in striking plaintiff was in self-defense. That was the only issue in the case on which the court told the jury that the burden was upon the defendant, and rightly so. The instructions as a whole fairly stated the issues and law of the case as applicable to the evidence and were not erroneous.

Finding no error in the record, the judgment of the District Court is affirmed.                    *Affirmed.*

Scott, C. J., and Potter, J., concur. .