THOMAS *v.* CARTER.[*]

(Division B.   Nov. 28, 1927.)

[114 So. 736.   No. 26724.]

ASSAULT AND BATTERY. *Instruction submitting defendant's justification for assault and battery with fists on being called damn son of a bitch held proper.*

In action for damages for assault and battery, committed on plaintiff by defendant with his hands and fists, instruction submitting question of whether plaintiff calling defendant a damn son of a bitch was sufficient excuse or justification *held* proper.

---

[*]Corpus Juris-Cyc. References: Assault and Battery, 5CJ, p. 644, n. 68; p. 689, n. 23.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action by Maxine Thomas, minor, by Will Ray Thomas against George D. Carter. Judgment for defendant, and plaintiff appeals. Affirmed.

*Young & Coleman,* for appellant.

Even if the appellant called the appellee the vile name it would not be a justification for his deed in striking Mrs. Thomas. The simple question is, can the defendant below justify himself and be excused if the plaintiff called him by the vile name mentioned. We insist that even if the words alleged were used, it is no defense to the battery. Sec. 1501, Code 1906, deals with criminal cases and does not apply.

The appellee can find no relief in section 743, Code 1906, and the ruling of the trial court and giving the instruction for defendant is plain error. The language alleged to have been spoken by the appellant might work mitigation of damages but never an entire excuse or justification, and the ruling of the court on the trial and the instruction complained of violate the rule of law which ought to have governed in this case.

In 3 Cyc. 1050, we find criminal cases in which words are a complete defense if so taken by the court or jury, but we find in 3 Cyc. 1077, and the notes there, that in a civil case mere words are never a defense to the action. See also 5 C. J. 644-646; *Martin* v. *Minor,* 50 Miss. 42; *Alabama & Vicksburg R. R. Co.* v. *Hays,* 88 Miss. 681; *Lizana* v. *Lang,* 90 Miss. 469; *Coleman* v. *Yazoo & Miss. Valley R. R. Co.,* 90 Miss. 639.

*Paine & Paine,* for appellee.

A verdict based upon conflicting evidence is conclusive. *Thompson* v. *Poe,* 104 Miss. 586; *Mardis* v. *Y. & M. V. R. R. Co.,* 115 Miss. 734; *Estis* v. *Jones,* 119 Miss. 142.

*Choate* v. *Pierce,* 126 Miss. 209, is an irrefragable authority against appellant's contention and decisive of the charge granted appellee.

"A verdict under proper instructions will not be disturbed unless there is no evidence upon which to base it." *I. C. R. R. Co.* v. *Smith,* 102 Miss. 276.

ANDERSON, J., delivered the opinion of the court.

Appellant sued the appellee for damages for assault and battery committed on her by appellee. There was a verdict and judgment for the appellee, from which judgment the appellant prosecutes this appeal. The assault and battery for which the appellant sued was committed on her by the appellee with his hands and fists.

The only question argued is whether or not the court erred in giving the following instruction:

"The court instructs the jury for the defendant, George Carter, that if you believe from a preponderance of the testimony in the case that the slapping or striking of the plaintiff by the defendant, George Carter, was provoked by the plaintiff calling George Carter 'a damn son of a bitch,' then the jury has the right to determine whether the calling of George D. Carter 'a damn son of a bitch' was a sufficient excuse or justification for the striking or slapping of the plaintiff by George Carter, and if the jury, from the preponderance of the testimony, believe that the calling of George Carter 'a damn son of a bitch' by plaintiff was a sufficient excuse or justification for striking or slapping plaintiff, then their verdict will be, 'We, the jury, find for the defendant.'"

The action of the court in giving this instruction was authorized by the decision of this court in *Choate* v. *Pierce,* 126 Miss. 209, 88 So. 627.

Appellant's main reliance for reversal is *Coleman* v. *Y. & M. V. R. Co.,* 90 Miss. 629, 43 So. 473. It is argued that the Coleman case is decisive of this question in favor of appellant's contention. We do not think so.

There is no conflict between the Choate case, and the Coleman case. The assault and battery in the Coleman case, provoked by insulting words, was committed with a deadly weapon, a pistol. The court held that insulting words were no justification for an assault and battery with a deadly weapon. That is not the case here. This was assault and battery with hands and fists.

*Affirmed.*