HOLLIMAN *v.* LUCAS.

(Division A.   Oct. 20, 1947.)

[32 So. (2d) 259.   No. 36544.]

**J. M. Morse** and **H. H. Parker**, of Poplarville, and **Williamson & Garraway**, of Purvis, for appellant.

**Stevens & Calhoun,** of Hattiesburg, and **A. Q. Broadus,** of Purvis, for appellee.

Argued orally by **J. M. Moore** and **H. H. Parker,** for appellant.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a judgment of $2,000 rendered against the appellant as damages for an assult and battery committed by him upon the appellee.

The appellee, Tom Lucas, as an employee of the appellant, C. H. Holliman, made a complaint on their pay-day as to the computation of his hours of work, and whereupon his said employer consented to an adjustment which

allowed him the three additional hours claimed; but he then said, in effect, that plaintiff was thereafter discharged upon the theory that he was continually expressing dissatisfaction about his time and pay.

The plaintiff, who was then standing on the ground near the door of the pay-office, advanced toward his said employer, placed his hand on the door facing and, according to the testimony of the defendant and several other persons present on the occasion complained of, addressed certain vulgar, filthy, indecent and revolting language, and a vile epithet to him such at we are not justified in setting forth in this opinion—indeed, the plaintiff, in his declaration, has refrained from alleging therein the language which he testified as a witness at the trial that he used on the occasion complained of, and which he also proved by another witness that he did use when provoking the assault and battery upon him by the defendant, that is to say, he left a blank space in his declaration for the words which he and his witness later testified he addressed to the defendant immediately before the defendant struck him with his fist and kicked him. Manifestly, the words were used for the purpose of insulting the defendant, with the knowledge that they were calculated to lead to a breach of the peace.

If the testimony on behalf of the defendant is true, then the plaintiff said a great deal more than he admitted having said when testifying, and he also applied an epithet to the defendant which is even more revolting and inconceivably disgusting than that which he admitted in his testimony.

We must assume, however, on the issue as to whether or not the defendant was entitled to a peremptory instruction requested by him as to any liability at all, that the plaintiff said only that which was shown by the testimony on his behalf.

Section 2525, Code 1942, provides as follows:

"In all trials for assault and battery, or for an assault, the defendant may give in evidence, in excuse or justi-

fication, any insulting words used by the person on whom the assault or assault and battery was committed, at the time of the commission thereof, toward the defendant, and the jury may consider and determine whether such words were or were not a sufficient excuse for or justification of the offense committed.''

In the case of Choate v. Pierce, 126 Miss. 209, 88 So. 627, the Court held that this statute should be applied in civil as well as criminal actions for assault and battery.

In the case of Thomas v. Carter, 148 Miss. 637, 114 So. 736, the Court held that an assault and battery *with a deadly weapon* could not be justified by showing the use of insulting words toward the defendant. It is therefore argued on behalf of appellant that the converse of this would be true, and that an assault and battery with mere fists and feet in retaliation of insulting words such as those here involved, would be justified and that no recovery of damages could be had therefor. But we think that the statute hereinbefore quoted places it within the right and province of the jury to determine whether or not the language employed against a defendant is a sufficient excuse or justification for committing an assault and battery without the use of a deadly weapon, and that the case of Thomas v. Carter, supra, so held in approving an instruction to that effect. Nor do we think that the cases of Lizana v. Lang, 90 Miss. 469, 43 So. 477, and Stone v. Heggie, 82 Miss. 410, 34 So. 146, are to the contrary when we assume that the plaintiff merely used the language claimed by him and his witness to have been used on the occasion complained of.

As to whether or not the language used, according to the testimony of the defendant and his witnesses, was such as to leave no ground for any disagreement among reasonable men as to whether or not it constituted a sufficient excuse and justification for the assault and battery complained of, we express no opinion on this appeal for the reason that the jury had the right to believe

the testimony of the plaintiff and his witness as to what was said, rather than that on behalf of the defendant, even though we may think that the latter is of greater weight, on an issue as to whether or not a peremptory instruction should have been granted for the defendant as to liability. In other words, we pretermit any decision of the question as to whether or not if the plaintiff had admitted, or the jury had believed from the evidence, that he used the language and applied the epithet testified to by the defendant and his witnesses, a verdict awarding damages in any amount would be upheld, or would be set aside on the ground that in such event a jury would not be warranted in reaching a finding other than that it constituted a sufficient excuse or justification for the assault and battery of the character here complained of. We must assume that the jury adopted the version given by the plaintiff as to what was said, as the basis for the verdict rendered.

On the issue as to whether or not the language used according to the testimony of the plaintiff and his witness was a sufficient excuse or justification for the assault and battery in the instant case, we think that the legislature intended by the statute to commit to a jury, composed of men from the various walks of life, the right to say whether or not, even though the language was obviously insulting, it was a sufficient excuse or justification for the action of the defendant, since we are unable to say as a matter of law that reasonable men should not be permitted to find to the contrary. It is a matter of common knowledge that at some places of public work and elsewhere the men frequently take liberties in the use of vulgar language and epithets toward one another that are not commonly deemed by either to be a sufficient excuse or justification for an assault and battery, even though they may be regarded differently at other places by other men. At any rate, it seems that the legislature has committed such an issue to the decision of the jury. However, we are not

unmindful of the fact that this Court stated with reference to this statute, in the case of Yazoo & Mississippi Valley R. Co. v. May, 104 Miss. 422, 61 So. 449, 450, 44 L. R. A., (N. S.) 1138, that "In short, this statute seems to place the use of insulting words as the beginning of an altercation, like a first blow." But in that case, it should be noted that the Court was justifying a verdict against the defendant where the defendant himself had both used the insulting language and had committed the assault and battery, and what was there said by the Court is not decisive of the issue here where the defendant is urging the language employed by the plaintiff as an excuse or justification for the act complained of.

It is also assigned as error that in any event the trial court committed reversible error in submitting to the jury the question of punitive damages in the instant case, and that the alleged error was highly prejudicial to the defendant in that the jury returned a verdict greatly in excess of any amount that would have been justified as actual damages, showing that the jury included punitive damages in its verdict. After a careful consideration of this question in the light of the previous decisions of this and other courts as to the instances in which punitive damages may be properly awarded, we have reached the conclusion that this is not a proper case for the award of such damages. The fact that the assault and battery was intentionally committed and therefore wilfully done (as may be said of all assaults and batteries committed without the consent of the person assaulted) does not necessarily mean that the action of the defendant was in wanton disregard of the rights of the plaintiff and without any justification. Manifestly, the assault and battery in the instant case was committed in response to an irresistible impulse and righteous resentment of a gratuitous insult, and under such circumstances as not to call for the infliction of

punitive damages even though the jury, under the statute, may have been authorized to return a verdict for actual damages. The defendant doubtless told the truth when he said that "I felt like that was law for me to hit him, gentlemen, and I hit him . . ." The great L. Q. C. Lamar was ready to concede that an utterance, though clothed in chaste language, may be such that "No good man deserves and no brave man will bear." Moreover, the statute here invoked authorized the jury in this case to so find and to return a verdict for no damages at all, and if it had failed to award any damages to the plaintiff, we would not be justified in setting aside the verdict under the circumstances.

If punitive damages should be awarded in a case such as the one now before us, the verdict would serve no useful purpose as a punishment to a defendant for the protection of the public, but would, on the contrary, tend to encourage the use of objectionable words as defined in Section 1059, Code 1942, calculated to lead to a breach of the peace, and would tend to occasion the use of such words with a view of provoking assaults and batteries in order that one may have a cause of action for punitive damages against a solvent defendant who may, with good reason, resent such an insult. No man should be permitted to employ such insulting language toward another as that admitted by the plaintiff here and then recover punitive damages for an assault and battery which he necessarily knows is likely to be provoked by its use, and where, as in the case at bar, the defendant uses only his hands and feet in expressing a righteous indignation on account of the insult and does not inflict an excessive injury such as would show an oppressive attitude and wanton or malicious spirit on his part.

We have, therefore, concluded that the cause should be reversed and remanded for a new trial, and that the issue should then be limited to whether or not the plaintiff is entitled to actual damages, and if so, in what

amount, under all the facts and circumstances, unin-
fluenced by any instruction authorizing the assessment
of punitive damages.

Reversed and remanded.