Winthrop C. CONDICT, Jr., Appellant
(Defendant below),
and
Austin B. Beales, (Defendant below),
v.
Joseph R. HEWITT, Appellee
(Plaintiff below).
No. 3028.

Supreme Court of Wyoming.
March 6, 1962.

James A. Greenwood and Charles E. Graves, Cheyenne, for appellant.

J. Reuel Armstrong, Rawlins, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a civil assault and battery case in which the appellant, Winthrop C. Condict, Jr., has appealed from a judgment awarded to appellee, Joseph R. Hewitt, by District Judge Vernon G. Bentley. The case was tried without a jury. The judgment consisted of $86 for special damages, $250 for pain and suffering, and $500 as exemplary damages.

The assault complained of grew out of a controversy over water rights. Hewitt was demanding additional water out of Elk

Hollow Creek, from Water Commissioner Herbert King. He had threatened to bring a mandamus action against King if his demands were not fulfilled. Condict owned an adjudicated water right to a portion of the available supply in Elk Hollow Creek, and he was objecting to the demands of Hewitt. Both parties met with King on the morning of June 10, 1959 to discuss their rights, at a place on Condict's land and near Hewitt's headgate. Austin Beales, another owner of adjudicated water and a brother-in-law of Condict, was also present.

Commissioner King refused to allow the additional water sought by Hewitt and a heated discussion ensued between them. Without having taken any previous part in the conversation, Condict said to Hewitt that he was a "water moocher." Mr. Hewitt thereupon made a vulgar retort to Condict, and in the words of Hewitt's attorney the fight was on.

*Compensatory Damages*

As stated by appellant in his brief, the evidence in the record is for the most part conflicting. Although appellant contends in support of his appeal that the preponderance of such evidence shows the plaintiff Hewitt to have been the aggressor and that it also shows the defendant Condict to have acted only in self-defense, we cannot in this court undertake to weigh the evidence or to judge as to where the preponderance was.

■ The trier of facts is the sole judge of the weight to be given to all testimony, and the matter of determining where the preponderance of the evidence lies is within the sound discretion of the trier of facts. This has been said so many times that no citation of authority is longer necessary.

Even if the findings against Condict, as to whether he committed an assault on Hewitt and whether he did or did not act in self-defense, were found to be supported by the testimony of Hewitt alone, we probably would not be justified in setting such findings aside. However, we cannot agree that these findings do, as claimed by appellant, rest solely on the testimony of Hewitt alone.

The water commissioner fixes the first move of the affray as coming from Condict. All witnesses to the fighting, including Condict himself, described the use of some force administered by Condict to Hewitt while Hewitt was down and on the ground. Also, corroborating evidence was offered on the nature of injuries suffered by Hewitt. Mr. Hewitt himself claimed that he was told by Condict that he had a beating coming to him for a long time and that this was the time he was going to get it. The evidence as a whole was amply sufficient to have justified a conclusion on the part of the trial court that Condict either acted as an aggressor or used more force than was necessary for self-defense.

A considerable portion of counsel's argument on behalf of the appellant has been devoted to the proposition that where there is mutual consent to combat, neither party may recover for injuries sustained. Of course, there was no finding in the case at bar to the effect that there was a mutual consent to fight, and we cannot say that one has been conclusively proved. In any event, appellant's hypothesis on this point of law is not supported by the weight of authority.

■ The majority rule seems to be that when parties engage in mutual combat, each is civilly liable to the other for any physical injury inflicted by him during the fight, and the fact that the parties voluntarily engaged in combat is no defense to an action by either of them to recover damages for personal injuries inflicted upon him by the other. There are at least four annotations on this subject in A.L.R., at 6 A.L.R. 388; 30 A.L.R. 199; 47 A.L.R. 1092; and 71 A.L.R. 189. Many cases are cited in each annotation in support of this majority rule. In 6 C.J.S. Assault and Battery § 16, pp. 806–807, it is said that by the weight of authority consent will not avail as a defense in a case of mutual combat, although it seems that such consent may be shown in mitigation of damages.

We cannot without invading the province of the trial court undertake to evaluate the conflicting evidence adduced at the trial. Neither can we substitute our judgment for its judgment with respect to the conclusions which are to be drawn from such conflicting evidence. We are compelled, therefore, to uphold the allowance for compensatory damages, as determined by the trier. This includes the award of $86 for special damages and the award of $250 for pain and suffering.

*Punitive Damages*

The allowance for exemplary damages presents different considerations. In determining whether such an allowance was properly made in the instant case, it should be remembered that punishment of the wrongdoer and protection of society and the social order lie behind the doctrine of exemplary damages. Accordingly, our consideration is whether the award for punitive damages in this case can be said to serve a useful purpose as a punishment to a defendant for the protection of the public.

Appellee Hewitt cites the cases of Wilson v. Hall, 34 Wyo. 465, 244 P. 1002, and Williams v. Campbell, 22 Wyo. 1, 133 P. 1071, as precedent and authority for the allowance of punitive damages, claiming that the facts in each of these cases were similar to the facts in his case. We notice, however, that in both the Wilson case and Williams case there were findings to the effect that the defendant without justification or provocation committed an assault and battery upon the plaintiff. In each case the assault and battery was committed, according to the findings, in a wanton, reckless and oppressive manner.

In the case at bar not only is there an absence of evidence that the defendant acted without justification or provocation, but on the contrary uncontradicted testimony established that Condict did have provocation. King and Beales both testified that after Hewitt's remark Condict and Hewitt whirled toward each other. Hewitt's own attorney described the commencement of the fight by saying, "Thereafter, Mr. Hewitt used some unprintable language and the fight was on." No witness testified to any action or use of force prior to what Condict called "when Hewitt used the obscenities."

Section 6–115, W.S. 1957, provides:

"Whoever, by words, signs or gestures, provokes or attempts to provoke another, who has the present ability to do so, to commit an assault, or an assault and battery upon him, is guilty of criminal provocation, and shall be fined in any sum not exceeding twenty dollars."

It is a sound rule, and one which has often been applied, that exemplary damages are not recoverable where there was reasonable excuse for the assault arising from the provocation or fault of the plaintiff, unless the defendant uses unduly excessive or unwarranted force in accomplishing his purpose. Holliman v. Licas, 202 Miss. 463, 32 So.2d 259, 261–262; Heinze v. Murphy, 180 Md. 423, 24 A.2d 917, 921–922; Powell v. Meiers, 54 N.D. 336, 209 N.W. 547, 550; 6 C.J.S. Assault and Battery § 55, pp. 904–905. See also Rouse v. Walker, 145 Kan. 133, 64 P.2d 47, 49.

We fail to find any substantial evidence as to unduly excessive or unwarranted force. Although Hewitt claims that he was struck, his principal complaint was that Condict kneed him in the abdomen while he was on his back upon the ground. Condict and the other witnesses testified that Hewitt slipped and fell when he struck at Condict and that Condict thereafter pushed and held Hewitt on the ground ending up holding his wrists. Hewitt left the scene unassisted with no apparent signs of excessive injuries. This evidence falls short of the clear and unmistakable evidence which is ordinarily deemed necessary to justify punitive damages for excessive or unwarranted force. See Cosgriff v. Miller, 10 Wyo. 190, 68 P. 206, 217, 98 Am.St.Rep. 977.

We have made a careful review of the previous decisions of this and other courts

on the question of punitive damages, and we have reached the conclusion that this is not a proper case for the award of such damages, there being an absence of evidence of the use of excessive or unwarranted force and an undisputed showing of provocation. No doubt the assault was intentionally committed and wilfully done. Assaults usually are. But that does not mean it was without justification. Manifestly, the assault and battery in the instant case was committed in response to an irresistible impulse and righteous resentment of an unwarranted insult. It was under such circumstances as not to call for the infliction of punitive damages, even though the trial court was not only justified but duty bound to enter judgment for actual damages.

If punitive damages were allowed in a case such as the one now before us, it would serve no useful purpose as a punishment to a defendant for the protection of the public. On the contrary, it would tend to encourage a disregard for and violations of § 6–115. No person should be permitted to employ such insulting language toward another, as that involved here, and then recover punitive damages for an assault and battery which he necessarily knows is likely to be provoked by its use.

It follows from what we have said that the judgment of the district court should be modified by deleting the award of $500 for exemplary damages. As so modified it is affirmed.

Affirmed as modified.