PLACEDE LIZANA v. JOHN H. LANG.

[43 South., 477.]

1. ASSAULT AND BATTERY. *Civil liability. · Defense. Consent and Provocation. Code 1892, § 1428.*

    The acceptance by defendant of plaintiff's challenge to fight and engaging in a fight in pursuance thereof, are unlawful, and the challenge affords no defense to a civil action for an assault and battery under Code 1892, § 1428, providing that in all trials for assault and battery, the defendant may give in evidence, in excuse or justification, any insulting words used towards him at the time by the person assaulted.

2. SAME. *Instruction.*

    In such case, it appearing that defendant did not commit the act complained of at the time he was challenged to fight, but went one hundred and twenty-five feet, procured weapons from his desk and returned before striking plaintiff, it was error to give defendant's instruction to the effect that if plaintiff voluntarily entered into and provoked a quarrel with defendant, and used language inviting a fight, for the purpose of, and calculated to bring on a fight, he was not entitled to recover.

3. SAME. *Excessive beating.*

    In a civil action for damages, the fact that the difficulty was provoked by plaintiff, affords no justification for an excessive assault and battery.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Lizana, appellant, was plaintiff in the court below; Lang, appellee, was defendant there. From a judgment in favor of defendant, plaintiff appealed to the supreme court.

Lang was mayor, and Lizana deputy marshal of Pass Christian. Lang was presiding in the municipal court when a party charged with some infraction of law asked a continuance, tendering a bail bond in the penalty of $100, signed by Lizana as a surety. Lang stated in open court that the bond was

worthless, and that in any event its penalty should be $250. Thereupon Lizana arose in the court room, ·saying that he wished to make a statement. Lang interrupted him, command- ing him to sit down, adding, "I am running this court, and do not need any assistance." Shortly after adjournment of the court, when Lang came out of the court room, he was met by Lizana who inquired of him why he, Lang, was always "turning me down" in court. To this Lang replied, "Go away from me; you are beneath me; I do not want you in my court." Mutual criminations and recriminations ensued, resulting in a personal difficulty as stated in the opinion of the court, followed by a civil action by Lizana against Lang for assault and battery.

The jury returned a verdict in favor of Lang, the defendant, and the plaintiff, Lizana, appealed from the judgment predi- cated thereof, assigning as error the action of the lower court in granting the first and third instructions asked by the defendant.

*J. H. Mize,* for appellant. ·

. The granting of the first instruction asked by appellee, de- fendant below, was reversible error. There are two grounds of objection to the instruction. The first is, that it was not based on the evidence, for there was no evidence that Lizana was armed with a deadly weapon. On the contrary, it is evi- dent, from Lang's own testimony, that Lang did the challeng- ing, invited Lizana· to go on the beach and shoot it out, and that Lang at once rushed back to his home, and armed himself with two pistols, and then rushed back to where Lizana was, Lizana having been in the meantime placed under arrest, and that he struck Lizana without any provocation on Lizana's part, Lang being at the time veritably a walking arsenal. The sec- ond objection to this first instruction for defendant is, that it appears to be based on the theory that a duel was about to be fought between the appellant and the appellee, and does not an- nounce a correct proposition of law. If appellee accepted a challenge to fight a duel, he would be precluded from any de-

fense whatever, and if he had shot and killed Lizana, he would have been guilty of murder under our law. The evidence shows that whatever challenging there was was done by Lang, who immediately thereafter went off and armed himself with two pistols, and on returning struck Lizana and attempted to shoot him with the other while Lizana was under arrest and disarmed.

The court also erred in granting the third instruction asked by appellee. This instruction is wrong because it told the jury to find for the defendant, Lang, if they should believe from the evidence that, Lizana used language calculated to bring on a fight with Lang, without telling the jury what amount of force Lang could use to avenge such insult. This instruction, in effect, authorized the defendant, if he was insulted by plaintiff, to go to his house one hundred and twenty-five feet away, constitute himself a walking arsenal, break away from those seeking to restrain him, return to where appellant was, and strike appellant with a deadly weapon. This is not the law. See *Skidmore* v. *State,* 43 Tex., 93; *Stone* v. *Heggie,* 82 Miss., 410, s.c., 34 South., 146; *State* v. *Huntley,* 91 N. C., 617; *People* v. *Rodrigo,* 69 Cal., 601.

*Bowers, Griffith & Leathers,* and *McWillie & Thompson,* for appellee.

The first instruction granted for the defendant, Lang, is assailed by counsel for appellant, plaintiff below, on two grounds; first, that there is no evidence to support it, and, second, that it erroneously states the law. In other words, the appellant proceeds on the theory that there is no evidence that Lizana, either in words or by acts, invited Lang into a difficulty. We are at a loss to see how this can be contended. The evidence shows that Lizana waited without the court room to "get satisfaction" from Lang. Lizana's testimony shows that he was seeking a fight. Lang's testimony shows that Lizana abused him after Lang had refused to discuss matters with him, and that Lizana

reiterated his intense desire to give Lang "satisfaction." As regards the contention that the instruction is erroneous in law, we do not think this court will seriously consider this. While both parties in challenging and accepting a challenge respectively were guilty of an infraction of law, we submit that, as concerns their relation to each other, they were in *pari delicto* and neither could invoke the law as to the other. We hardly think it necessary to discuss seriously the proposition that one man is entitled to recover, civilly, against another for injuries which he sustains in the course of a difficulty into which each had entered wilfully and knowingly. Of course there may be cases where the force used is altogether disproportioned to the character of the combat that may to some extent vary this rule, though on that point we have doubts, but there is no suggestion of anything of that sort in this case. Indeed, the assault and the injury inflicted were extremely light, considering the situation of parties, character of combat and arms possessed by each.

The criticism of the third instruction for defendant is on practically the same grounds as applied to the defendant's first instruction. The observations above made apply with equal force to this third charge. The only additional point made by appellant as to this instruction is that the record shows that Lang went to his house, and that the difficulty which Lizana had provoked was ended by his momentary departure. In the light of the facts this objection is manifestly untenable. The distance from where the combatants first stood to the house was only about one hundred and twenty-five feet, only a street intervening; and, with his blood up and his passions aroused, Lang rushed for his weapon, and continued a difficulty which never had ceased. It was all one transaction. There was no cessation or time for cooling off.

This case is peculiarly like that of *Galbraith* v. *Fleming*, 27 N. W. Rep., 581. In that case the defendant called on plaintiff to repeat some language which he had used in his absence

and which the plaintiff did repeat, and the court treated the first utterance together with the ensuing difficulty as one entire controversy.

MAYES, J., delivered the opinion of the court.

The trial court erred in giving the first and third instructions asked by defendant.

By the first instruction the jury are told that "if they believe from the evidence that Lizana waited for Lang to come out of the town hall for the purpose of provoking a difficulty, and that when Lang came out Lizana accosted him and began a quarrel, and that Lizana, during the course of the quarrel, challenged Lang for a fight, and that Lizana was then armed with a deadly weapon, and that Lang thereupon immediately armed himself and accepted the challenge, and the blow was struck by Lang in an altercation that thereupon then and there ensued, they shall find for the defendant." Section 1428, Code 1892 provides that "in all trials for assault and battery, or for an assault, the defendant may give in evidence, in excuse or justification, any insulting words used by the person on whom the assault, or assault and battery was committed, at the time of the commission thereof, towards the defendant," etc.; but neither in this statute, nor in any other authority which we have been able to find, has it ever been held that the acceptance of a challenge to fight, and voluntarily engaging in a fight by one party with another, because of a challenge so to do, can be set up as a defense in a civil suit for damages for an assault and battery. The fighting under a challenge is unlawful, and affords no justification to either party, and any assault and battery so committed is both a criminal offense and a civil liability. The facts in this case show that plaintiff and defendant engaged in a wordy battle on the street, indulging in many epithets towards each other; that the defendant left the plaintiff where the altercation had occurred, and went about one hundred and twenty-five feet, to where his home was, and got two pistols,

placing one in his pocket, and keeping the other in his hand. While the defendant had gone after his pistols, plaintiff was placed under arrest by an officer. Defendant returned to where plaintiff was, having a pistol in his pocket and one in his hand, invited plaintiff to come on, and, when he started, struck him with the pistol. The testimony shows that defendant was so eager to get at plaintiff that he jerked loose from a party who tried to stop him, while he was returning from his house with the pistols, and, when one of the pistols was taken away, he drew another. In a suit for damages for an assault and battery, the defendant must show that he is without fault; but this cannot be done by showing that he engaged in the fight because his adversary challenged him to do so. It takes proof of facts other than this to show justification. 3 Cyc., p. 1070, note 62.

The third instruction for defendant tells the jury, "if they believe from the evidence that plaintiff voluntarily entered into and provoked a quarrel with defendant, and that plaintiff then and there used language inviting a fight, for the purpose of and calculated to the bringing on of a fight, then the plaintiff is entitled to nothing, and the jury should so find." This instruction, on the facts in this case, is erroneous. It might have been good as an announcement of the law, if the battery had been committed at the time the testimony shows the provocation occurred; but defendant did not then commit the assault and battery complained of. On the contrary, the testimony shows that after the provocation defendant went one hundred and twenty-five feet to his home, and into his desk, procured weapons, and returned to where plaintiff was and then committed the assault and battery. He had ample time for deliberation and reflection before returning to resume the quarrel. We do not want to be understood as saying that the above instruction is good in every case where one is sued for an assault and battery, but that this instruction might have been good in this case if the facts had supported it. Even in a case where the plaintiff provokes a difficulty, if the battery is excessive or unreasonable, the

fact that the difficulty was provoked by the plaintiff can afford no justification to the defendant.

*Reversed and remanded.*