## CHOATE v. PIERCE.

[88 South.   627, No. 21735.]

1. ASSAULT AND BATTERY. *Insulting words may furnish excuse or justification in civil prosecutions.*

Although section 1501, Code of 1906 (section 1259, Hemingway's Code, which provides that in trials for assault and battery or for an assault the defendant may give in evidence as excuse or justification insulting words used towards him at the time by the person on whom the assault or assault and battery was committed, and the jury may consider and determine whether such words were or were not sufficient excuse for the offense charged—by its terms only applies in criminal prosecutions for the offenses of assault and assault and battery, nevertheless the principle therein declared applies as well to civil prosecutions for assault or assault and battery.

2. TRIAL. *Instruction that plaintiff must establish cause by "clear preponderance" of evidence held not erroneous.*

An instruction which informed the jury that the burden of proof was on the plaintiff to establish his cause by a clear preponderance of the evidence, and unless so established the jury should find for the defendant, is not erroneous because of the use of the word "clear," the clear preponderance of the evidence simply meaning. the preponderance of the evidence.

126 Miss.—14

Appeal from circuit court of Tishomingo county. Hon. C. P. Long, Judge.

Action by Oscar Choate, by next friend and brother, Luther Choate, against S. E. Pierce. Judgment for de-defendant, and plaintiff appeals. Affirmed.

*W. J. Lamb,* for appellant.

Our first assignment of error complains because the court refused to give a peremptory instruction for the appellant. The record in this case shows that the appellee was the aggressor, instigator and cause of the trouble and started the difficulty and brought about the difficulty without any fault or anything having been done by the appellant. The testimony of the appellee shows this, as will be seen by his testimony as shown by the record.

In the case of *Lizana* v. *Lang,* 90 Miss. 474, this court said as follows on the subject: "In a suit for damages for an assault and battery, the defendant must show that he is without fault; but this cannot be done by showing that he engaged in the fight because his adversary challenged him to do so. It takes proof of facts other than this to show justification." 3 Cyc. p. 1070, note, 62.

In Vol. 3 Cyc., p. 1074, the text says: "The doctrine of self-defense cannot be successfully invoked, however, where the defendant was the aggressor, where he used more force that was reasonably necessary for his protection, or where, after the assault had terminated and all danger was past, he struck or beat the aggressor by way of revenge. The appellant did not provoke the difficulty; the appellee provoked the difficulty; the appellee was not in danger, his wife was not in danger, nor was any member of his family in danger; his wife was not present, the remark was not made to her, but made to the appellee in response to his own words and his own conduct, and she was in no ways insulted; so what right under the law did this appellee have to strike the appellant and beat him up like he did?"

In the case of *Lizana* v. *Lang,* 90 Miss. 474, this court says: "Even in a case where the plaintiff provokes a difficulty, if the battery is excessive or unreasonable, the fact that the difficulty was provoked by the plaintiff can afford no justification to the defendant."

We submit to the court that the peremptory instruction in this case should have been given for the appellant.

Our next assignment of error complains at the charges of the court given for the appellee. Charge No. 1 instructs the jury for the defendant as follows: "The court instructs the jury for the defendant that the burden is on the plaintiff to make out and establish his case by a clear preponderance of the testimony and unless the jury believes that he had made and established his case by a clear preponderance of all the testimony, then the jury will find for the defendant, and the form of your verdict may be, 'We, the jury, find for the defendant.' "

Now, what is meant by clear preponderance of the testimony? We submit it can mean nothing more nor less than that the plaintiff is required to prove his case in a civil suit beyond a reasonable doubt. The average juror would understand what is meant by a preponderance of the evidence, which simply means that the evidence for the plaintiff must outweigh the evidence offered as a defense. It is unreasonable, and not the law, to require the plaintiff to show to each and every juror a clear preponderance of the evidence. What would be a clear preponderance to one juror, would be vague, cloudy and hazy to another juror, so, among twelve jurors they each would have possibly an indefinite and uncertain idea of what was a clear preponderance of the evidence; this being the case, where is the limit and what is a true and correct standard or guide of what is a clear preponderance of the evidence.

In the case of *Gentry* v. *Railroad,* 109 Miss. 73, this same expression was used in a charge given for the defendant, and the court said: "By this instruction the plaintiff must remove all doubt from the minds of the jury, and that is not all; the plaintiff must remove all doubt—by a

clear preponderance of the evidence.  The plaintiff must establish his right to recover by a preponderance of the evidence.  Whenever the jury is satisfied that the plaintiff has proven his case the plaintiff is entitled to recover. The law imposes on the plaintiff no burden to remove all doubts from the minds of the jury."

We submit to the court this instruction was misleading and improper and was not justified by the facts, and is not the law and was not only calculated to do the appellant much harm, but did and was bound to do him much harm in the minds of the jury.

We next complain at charge No. 2 given the appellee which is as follows: "The court further instructs the jury for the defendant that, although you may believe the defendant struck the plaintiff, and that the plaintiff was thereby injured; yet before you can find for the plaintiff, you must believe from a preponderance of the proof that the striking of the plaintiff by the defendant was an unlawful act on the part of the defendant; and if you are unable to see from all the facts in the case that the striking of the plaintiff by the defendant was an unlawful act on the part of the defendant, then you will find for the defendant."

The latter part of this charge tells the jury that if you are unable to see from all the facts in the case, that the striking of the plaintiff by the defendant was an unlawful act on the part of the defendant, then you will find for the defendant.

This charge can be nothing more nor less than an indirect direction to the jury to arouse their prejudice against the appellant and give the appellee a breastwork to hide behind, to-wit: his wife, after he had caused the trouble, started the difficulty and the cause of the whole affair. Nowhere in this record is there anything shown that the appellant was in any way to blame for anything pertaining to this matter.  As a matter of law and fact in this case, the striking of the appellant by the appellee was un-

lawful. If this is true, then why the giving of this charge and on what ground can it be justified?

We respectfully submit to the court that this charge was error.

Charge No. 3 given for the appellee is as follows: "The court further instructs the jury for the defendant that if you believe from the testimony that just before the defendant struck the plaintiff, plaintiff used insulting words to the defendant of and concerning the defendant's wife; and that these insulting words were the cause of the defendant's striking plaintiff, you will take this fact into consideration in arriving at your verdict, if you believe from the testimony that these insulting words spoken by plaintiff were a sufficient cause for the defendant to strike plaintiff, then you will find for defendant.

We submit to the court that this charge was error. The appellant did not use any insulting words to the defendant concerning his wife, and if they were insulting, they were provoked by the appellee himself and he cannot justify his conduct in this case by claiming this as a defense. This charge was further error because the appellant did not insult the wife of the appellee, the appellee's wife was not present and knew nothing about it, and any remark made by the appellant was made to the appellee and because of what he had said and done to him.

We again contend for another reason, that all of the charges given for the appellee were error, because a peremptory instruction should have been given for the appellant, and if this contention is true, then this assignment of error is correct. If the appellant was not entitled to a peremptory instruction, it was error to give these charges for the appellee, for they are not the law applicable to the case at bar.

*W. C. Sweat,* for appellee.

The defendant in the court below, the appellee here, did not deny that he struck Choate, or slapped him, but his

defense is that he struck him on account of the insulting words which Choate used toward the defendant and his wife, and that these words spoken by Choate were a sufficient cause for the defendant to strike plaintiff, they would find for the defendant.

This is the law as we understand it and the question was properly submitted to the jury. Then it was an issue of fact for the jury to determine, and the jury decided in favor of the defendant and the plaintiff has no cause to complain.

The principal complaint that the plaintiff makes is that the court erred in refusing the peremptory instruction asked for by the plaintiff, leaving only a question for damages to be submitted to the jury. Section 1259, Hemingway's Code, section 1501 of the Code of 1906, is as follows: "In all trials for assault and battery, or for an assault, the defendant may give in evidence, in excuse or justification, any insulting words used by the person on whom the assault or assault and battery was committed, at the time of the commission thereof, toward the defendant, and the jury may consider and determine whether such words were or were not a sufficient excuse for or justification of the offense committed."

The assault in this case was certainly not an aggravated assault. Plaintiff was not beaten up by the defendant, as insisted by counsel for appellant. Only one lick was struck. Before the plaintiff could recover in this case, it was incumbent upon the plaintiff to show by a preponderance of the testimony that the assault and battery upon the plaintiff by the defendant was unlawful. This assault and battery was not unlawful under the law in this state if the plaintiff used insulting words toward the defendant which were sufficient to justify the assault. *Jamison* v. *Moseley,* 69 Miss. 478.

If the section of the code above referred to means anything at all it means, in cases of this character, where there are no weapons used and where words are used that are insulting, provoking the assault, that it is a question

for the jury to determine, under proper instructions of the court whether or not the assault and battery was justifiable. This court has held that where insulting words will not justify an assault and battery with a deadly weapon, yet the party insulted may be justified in using a stick if he did not use it in the manner of a deadly weapon. *Stone* v. *Haggie,* 82 Miss. 410.

We think the words used by the plaintiff in this case were so insulting, and especially when the plaintiff connected the defendant's wife with it, as that the defendant would not be justified in giving him rather a severe beating with his first, or even with a stick, and the jury most certainly had a right to say whether or not he was justifiable in striking him a lick with his hand.

In the case of *Lizana* v. *Lang,* cited by counsel for appellant, it is true that the court says that the defendant must show that he was without fault; and there is certainly no showing in the case at bar that the defendant was in fault. In the case above referred to the plaintiff and defendant voluntarily engaged in a fight with each other on a challenge from one to another to engage in a fight; and the court said: "Fighting under a challenge is unlawful and affords no justification to either party, and any assault and battery so committed is both a criminal offense and a civil liability." *Lizana* v. *Lang,* 90 Miss. 473.

In this case, the parties agreed on a duel and defendant had gone off some distance and procured pistols and came back, and the assault was committed sometime after the insulting words were used; and the court, in passing on an instruction given for the defendant, which authorized the jury to give the defendant the benefit of the insulting words used, said: "It might have been good as an announcement of the law, if the battery had been committed at the time the testimony shows the provocation occurred; but the defendant did not then commit the assault and battery complained of." *Lizana* v. *Lang,* 82 Miss. 474.

In the case at bar, when the insulting words were used, the assault was immediately committed and the defendant

instantly struck without getting up; in fact, his actions were practically reflex; that is to say when the insulting words were used toward him, connecting his wife with it, he followed the impulse under the spur of the moment, it being the most natural impulse in the world to resent the insult.

The quotation from Cyc. on page 2 of appellant's brief, is the law, but it is not applicable to the case at bar. The defendant was not the aggressor, nor did he use more force than was reasonably necessary to resent the insult. In fact, it is hard to see how he could have resented the insult, by an assault and do it in a more reasonable manner that he did, according to his version, which was accepted by the jury.

Charge 1, given for the defendant, is certainly the law. This simply tells the jury that the plaintiff must make out and establish his case by a clear preponderance of the testimony. As that is the law, the plaintiff must show that he is entitled to recover from the defendant and must show it by a preponderance of the testimony, and that the preponderance of the testimony must be clear. In other words, if they are unable to see where the testimony preponderates in favor of the plaintiff, then it will be their duty to find for the defendant.

The instruction which this court criticised in the case of *Gentry* v. *R. R.,* 109 Miss. 73, which is referred to in appellants brief, is an entirely different instruction and is, as follows: "The court instructs the jury, for the defendant, that if they are in doubt as to whether plaintiff was injured or not in the derailment of the train, and this doubt can be removed by a clear preponderance of the evidence in the case, the verdict of the jury should be: 'We, the jury, find for the defendant'."

Now, the part of that instruction that was criticised by the court was not the clear preponderance of the evidence, but that part of it which tells the jury that if there is any doubt as to whether plaintiff was injured, etc. Cer-

tainly that instruction was error. Plaintiff does not have
to prove his case beyond all reasonable doubt, but he does
have to prove it by a preponderance of the testimony, and
by a clear preponderance of the testimony.

That part of the second instruction is criticised which
tells the jury that if you are unable to see from all the
facts in the case that the striking of plaintiff was an un-
lawful act, you will find for the defendant. The word
"see" there, was, I am sure, "say" in the original and that
in making up the record the clerk copied it wrong; but
that would not make any difference. That instruction is
clearly the law. It simply tells the jury that if they are
unable to say from all the evidence that the defendant
was guilty of an unlawful act, they must, of course, con-
sider, all the evidence. If the instruction had been writ-
ten so as to tell them that if they were unable to say
from a part of the evidence, etc., it would have been error,
but when it tells them that if they are unable to say from
all the evidence that it is unlawful, then this is a correct
announcement of the law.

The last instruction is criticized by the appellant be-
cause appellant said the plaintiff did not insult defend-
ant's wife, didn't see her. It is not necessary for him to
see her to insult defendant. The insulting words were
used toward the defendant. It is doubtful whether he
would have had the right to have resented it under the
law if they had been used toward the defendant con-
necting his wife with it, then the words came within the
purview of the statute and were insulting to defendant;
and under the law he had a right to resent it by an assault
and had a right to have the jury say, under all the facts,
whether or not he was justified.

The instructions given by the court were correct an-
nouncement of the law; and the jury having found for
the defendant there was no error committed by the trial
court. The case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

This is a suit by the appellant against the appellee for damages claimed to have been suffered by him as a result of an assault and battery committed upon him by the appellee. There was a verdict and judgment for the appellee, from which the appellant appeals to this court.

The evidence is conflicting. That on behalf of the appellant tends to show that the appellee committed an assault and battery upon him without any provocation; that the appellee was the aggressor in the altercation, and not the appellant. On the other hand, the evidence on behalf of the appellee tends to establish that the appellant was the aggressor; that the appellant used offensive and insulting language toward the appellee, and the latter thereupon immediately struck the appellant with his hand.

The giving of instruction No. 3 on behalf of the appellee is assigned as error. That instruction is in this language:

"The court further instructs the jury for the defendant that if you believe from the testimony that just before the defendant struck the plaintiff, plaintiff used insulting words to the defendant of and concerning the defendant's wife, and that these insulting words were the cause of the defendant's striking plaintiff, you will take this fact into consideration in arriving at your verdict; and, if you believe from the testimony that these insulting words spoken by plaintiff were sufficient cause for the defendant to strike plaintiff, then you will find for defendant."

At common law insulting words, no matter how offensive or exasperating, nor how much they might be calculated to excite or irritate, would not excuse or justify an assault and battery. 5 C. J. 644, 645.

The court below in the trial of this case proceeded on the idea that our criminal statute (section 1501, Code of 1906; section 1259, Hemingway's Code) should be applied to the civil action of assault and battery. That statute provides:

"In all trials for assault and battery, or for an assault, the defendant may give in evidence, in excuse or justification, any insulting words used by the person on whom the assault or assault and battery was committed, at the time of the commission thereof, towards the defendant, and the jury may consider and determine whether such words were or were not a sufficient excuse for or justification of the offense committed."

The courts are not agreed as to whether statutes of this character apply to civil cases of assault, and assault and battery, or are limited in their application to criminal prosecutions for those offenses. 5 R. C. L. 645. In the notes to the above reference of Ruling Case Law the cases aligned on each side of this question are set down. It will be seen from those notes that this court is aligned with those jurisdictions holding that the statute should be applied to civil as well as criminal actions of assault and assault and battery; and the cases of *Stone* v. *Heggie,* 82 Miss. 410, 34 So. 146, and *Lizana* v. *Lang,* 90 Miss. 469, 43 So. 477, are referred to as so holding. An examination of those cases, however, will show that this question was not discussed; in each of them the court assumed that the principle embodied in this criminal statute applied to like civil causes as well. In *Stone* v. *Heggie,* it was held that, while insulting words would not excuse or justify assault and battery with a deadly weapon, yet the party insulted might use a stick, provided he did not use it in the manner of a deadly weapon.

It appears to the court it would be an unusual state of the law to hold that it was a question for the jury to determine whether insulting words were a sufficient excuse or justification of a criminal charge of assault and battery, while in a civil action of the same character that such words were no excuse or justification. However, be that as it may, we see no reason now for disturbing what was at least the implied holding of this court in *Stone v. Heggie* and *Lizana* v. *Lang, supra.*

The appellant complains of the action of the court in giving instruction No. 1 for the appellee. In this instruction the jury were told that the burden of proof was on the plaintiff to establish his cause by a clear preponderance of the evidence; and, unless he so established his case, the jury should find for the defendant. The complaint is directed at the word "clear." It is insisted that this instruction required of the plaintiff a greater preponderance of the evidence than the law justified. It is argued that a clear preponderance of the evidence, is more than a preponderance of the evidence. The case of *Gentry .v. Railroad Co.,* 109 Miss. 66, 67 So. 849, is referred to as sustaining this contention. An examination of that case will demonstrate that the instruction there under consideration was very different from the one here in question. The instruction in that case held to be erroneous was in this language:

"The court instructs the jury for the defendant that if they are in doubt as to whether plaintiff was injured or not in the derailment of the train, and this doubt cannot be removed by a clear preponderance of the evidence in the case, the verdict of the jury should be, 'We, the jury, find for the defendant.' "

The court said: "This instruction imposes on a plaintiff a greater burden than the law imposes on the state in a criminal trial. In a criminal trial the state must prove its case beyond all reasonable doubt. By this instruction the plaintiff must remove all doubt from the minds of the jury— and that is not all; the plaintiff must remove all doubt—'by a clear preponderance of the evidence.' "

In a criminal case the state is required to make out its case beyond a reasonable doubt. In the instruction referred to the plaintiff was required to go further and make out his case beyond any doubt by a clear preponderance of the evidence. We are unable to see that that case has any application to the instruction here complained of. In the opinion of the court the clear preponderance of the

evidence means simply the preponderance of the evidence.

As we understand the record in this case the decision of these questions necessarily disposes of the other assignments of error not specifically noticed.

*Affirmed*