# WOODS *v.* ILLINOIS CENT. R. CO.*

(Division B.   Sept. 24, 1928.)

[118 So. 197.   No. 27182.]

---

*Corpus Juris-Cyc. References: Assault and Battery, 5CJ, p. 677, n. 94; p. 712, n. 79; Railroads, 33Cyc, p. 894, n. 76.   Evidence of provocation to mitigate damages in civil action for assault, see annotation in 1 L. R. A. (N. S.) 137; 11 L. R. A. (N. S.) 670; 2 R. C. L. 587; 1 R. C. L. Supp. 580; 7 R. C. L. Supp. 50.

*McNeil & Hendrick,* for appellant.

*May, Sanders & McLaurin,* and *R. V. Fletcher,* for appellee.

ANDERSON, J. Appellant brought this action against appellee in the circuit court of Copiah county to recover damages for a personal injury alleged to have been unlawfully inflicted on him by G. O. Lord, one of appellee's passenger conductors, while engaged about his duties in that capacity, and judgment was rendered in favor of appellant in the sum of two hundred dollars. From that judgment, appellant prosecutes an appeal and appellee a cross-appeal.

The basis of appellant's appeal is that the amount of damages awarded him by the jury is so grossly inadequate to compensate him for the injury received as to evince passion or prejudice on the part of the jury in making up their verdict, while the ground of appellee's cross-appeal is that the undisputed evidence shows that appellee's conductor, Lord, who inflicted the injury sued for, in so doing, was not about appellee's business, but was engaged in a mission of his own, and therefore the court erred in refusing appellee's request for a directed verdict.

In arriving at their verdict, the jury were justified in believing the evidence for appellee in defense of the action, which evidence was substantially as follows: On the 24th day of December, 1926, the appellant was at Martinsville, one of appellee's flag stations, where appellee maintained a depot for passengers and freight. While appellant was at this station, one of appellee's local passenger trains stopped at the station, which train

was in the charge of Conductor G. O. Lord. The passengers were getting on and off of the train. Without any provocation, whatever, the appellant got into an altercation with Conductor Lord and cursed and abused him, applying to him the vilest of epithets. Lord remonstrated with appellant, a young man nineteen years of age and of good physique, but without effect. When appellant applied the vilest of epithets to Lord, the latter knocked him down. At that time, the train was pulling out, and the conductor ran to catch it, with appellant pursuing him. As the conductor was getting on the train, the appellant grabbed him by the legs attempting to pull him off. Thereupon the conductor jumped off the train and knocked the appellant down several times. The train stopped for the purpose of giving the conductor the chance to do this, after which he signaled the engineer to proceed, and got on the train as it left. The evidence on behalf of appellee tended further to show that the appellant was drunk.

The testimony on behalf of the appellant was to the effect that the assault and battery by Lord, the conductor, was unprovoked.

Insulting and abusive language may be offered in evidence in a civil action for assault and battery either in excuse or mitigation of damages caused by the assault and battery. *Choate* v. *Pierce,* 126 Miss. 209, 88 So. 627; *Stone* v. *Heggis,* 82 Miss. 410, 34 So. 146; *Lizana* v. *Lang,* 90 Miss. 469, 43 So. 477.

The jury must have reached the conclusion that the conductor went too far with his assault and battery upon appellant. There was ample evidence to sustain that view. For that reason, the jury declined to excuse the appellee from all wrong, as it could have done by taking the contrary view of the evidence. But the jury evidently mitigated appellant's damages on account of his abusive and insulting language to the conductor, and there was ample evidence, if believed by the jury, to justify

such mitigation of damages. This is no case, therefore, for a reversal of the judgment upon the ground that the jury, in rendering their verdict, were swayed by passion or prejudice.

We do not think the appellee was entitled to a directed verdict, because the conductor, Lord, when committing the assault and battery upon the appellant, was not engaged about appellee's business. We think the jury were justified in finding that he was so engaged. Lord testified that the appellant was at the depot, near the train, and was interfering, in some way, with the negro porter of the train in the performance of his duties as such. The porter was trying to have passengers show their tickets before boarding the train, and appellant was in an altercation with the porter with reference to that matter. Conductor Lord, in charge of the train, with the right to control the manner of performance of the porter's duties, intervened, and thereupon, according to the evidence on behalf of appellee, the controversy arose between Lord and the appellant, which resulted in assault and battery.

*Affirmed on direct and cross-appeal.*