CRAWFORD *v.* CITY OF MERIDIAN.

(Division B. Feb. -10, 1936.)

[165 So. 612. No. 32009.]

Graham & Graham, of Meridian, for appellant.

**Howard Westbrook**, of Meridian, for appellee.

Argued orally by **S. M. Graham**, for appellant, and by **Howard Westbrook**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On the former appeal in this case it was held that a peremptory instruction for the defendant was improper. Crawford v. City of Meridian, 154 So. 888. On the second trial, the jury returned a verdict for the defendant. We are required, therefore, to examine the instructions granted at the request of defendant, and assigned as error.

Several of these instructions charged the jury that the plaintiff must make out her case by a clear preponderance of the evidence, whereas the law in such a case is that the burden on the plaintiff is that she shall prove her case by a preponderance of the evidence. The weight of authority in other states is to the effect that such instructions are erroneous and that instructions, particularly in tort cases, should use no words or terms which might be construed by jurors, or some of them, to require a greater weight or degree of proof than the ordinary preponderance of the evidence. See 64 C. J., p. 721. In this state it has been ruled, however, in Choate v. Pierce, 126 Miss. 209, 220, 88 So. 627, 629, that such an instruction "means simply the preponderance of the evidence," or, in other words, that the term "clear" is mere surplusage, from which it follows that if trial judges should deem it proper to strike out the word "clear" in requested instructions in cases such as this, in order to

avoid the chance that some members of a jury might be misled by it, they will be within their right and authority in so doing.

One of the instructions granted at the request of the defendant reads as follows: "The court instructs the jury for the defendant that what a reasonably safe street is, might in some instances be hard to determine; yet if you believe from the evidence that the street in question did not present a hazard to each and every person using it, under circumstances and conditions as plaintiff, and, that a great majority of the people using the street did so without being injured, although you may believe that in so using said street they were subjected to inconveniences, then the street as a matter of law would be reasonably safe and it would be your duty to return a verdict for the defendant."

The quoted instruction is obviously erroneous and in substantial respects. If it were to be laid down in cases of alleged negligence in regard to streets, and which upon similar reasoning could be urged as applicable to the furnishing and maintenance of ways, means, appliances, tools, and places to work, that a test of reasonable safety is whether a great majority of users made the use without being injured, then practically all personal injury cases arising out of such situations would have to be thrown out of court.

It is said in defense of the instruction that it was literally copied from the opinion of the court in the Louisiana case, Millstead v. City of New Orleans (La. App.), 146 So. 492, 493. Leaving aside that the cited case is from another jurisdiction, we would caution counsel in all cases against copying in instructions that portion of any opinion which belongs to the discussion part of the opinion, as was done here. Every full opinion of an appellate court may be said to contain three features or parts: (1) A succinct statement of the salient facts, when and so far as necessary to an understanding of what is

decided; (2) an adequate reference to, or statement of, the governing principles of the law applicable to the case; and (3) a discussion or argument which will disclose the course of reasoning by which the stated principles are made applicable and are applied to the particular facts.

We have often stated, as, for instance, in Kroger Grocery Co. v. Lewelling, 165 Miss. 71, 82, 145 So. 726, and that is the general opinion everywhere, that discussion is not decision; and while the discussion or reasoning employed in one case may be of such power in persuasive force as to cause the court in a subsequent case to follow it as completely as if decision, nevertheless it is seldom safe to use the discussion part of any opinion in drawing instructions to be submitted to the jury, because it is likely to encounter the objection, among others, that it is argumentative. See Harper v. State, 16 Ala. App. 153, 75 So. 829.

Reversed and remanded.