GULF REFINING Co. *et al. v.* WILLIAMS.

(Division A. Dec. 12, 1938.)

[185 So. 234. No. 33422.]

Green, Green & Jackson, of Jackson, for appellants.

Jack M. Greaves, of Madison, and Barnett, Jones &
Barnett, of Jackson, for appellee.

Argued orally by **Forrest B. Jackson,** for appellant, and by **Ross R. Barnett,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellants are the distributors of petroleum products, including gasoline. Shortly before the injury here complained of, appellants, from their station at Canton, sold and delivered to a planter in that vicinity a drum of gasoline for use in farm tractors. Appellee was the planter's employee and was engaged in operating a tractor. The drum of gasoline had been taken to the field, but no attempt had been made to use it, until, for the first time since its delivery, appellee undertook to remove the bung-hole cap from the drum in order to replenish the fuel in the tractor, whereupon there was a sudden outburst of fire, caused, as the jury was justified in concluding upon the evidence, by a spark which was produced by the condition of unrepair in the threads of the bung cap, as will be later mentioned.

Appellee was severely burned by the sudden fire, and recovered judgment in an action therefor, from which judgment this appeal is prosecuted.

The chief argument of appellants is that the proof shows that an explosion or fire in drawing gasoline from a drum when, or on account of, taking off the bung cap is an unusual, extraordinary, and improbable occurrence, so much so that some of the witnesses say that no such happening had every before been heard of by them; and that, therefore, appellant cannot be held liable as for a failure to anticipate the danger of any such improbable occurrence. And appellants call attention to language used by the courts wherein the declaration is made that there is no liability when the occurrence is unusual, extraordinary, and improbable. Such terms are used in some of our decisions, one of which we will later cite. This language refers, however, to remote possibilities,— to occurrences outside of what is to be reasonably anticipated in the very nature of the harm-producing a- gency, or harm-producing situation, which is being considered. The argument that there is no negligence because an injury rarely occurs, or never before occurred, in a given situation was expressly rejected in Crawford v. City of Meridian, 174 Miss. 875, 879, 165 So. 612.

All the above might be disposed of by the observation that it is not shown that ever before was any gasoline sent out by a distributor in a drum or container in the condition of unrepair which the evidence discloses in this case; but the argument before us merits consideration beyond that available disposition.

The general language of the courts in stating the rule of the law of negligence in regard to the ability of the actor as to harmful results which are foreseeable is that he will be liable for all such harm as a reasonably prudent person would or should have anticipated as the natural and probable consequences of his act. Or that, in order that a person doing a particular act which results in injury to another shall be liable therefor, the act must be of such character and done in such a situation that the person doing it should reasonably have anticipated

that some injury to another will probably result therefrom.

This general language has lead to the occasional misunderstanding as to what may be termed the degree of probability which is meant by these expressions, as used in the law of negligence; and it is sometimes supposed and argued that unless such a foreseeable consequence is one which is more likely to happen than not to happen there can be no liability. But these references to probability are in a different sense as compared with what is meant in the procedural law when there is under inquiry whether a certain event happened, or probably happened, in the past.

"Probability arises in the law of negligence when viewed from the standpoint of the judgment of a reasonably prudent man, as a reasonable thing to be expected," Illinois Cent. R. Co. v. Bloodworth, 166 Miss. 602, 617, 145 So. 333, 336—that is to say, in the future; while probability exists in the procedural law only when the proof is such that the alleged fact probably happened or existed in the past, in the sense of probability as commonly understood under every day language.

When the inquiry is upon an issue whether a certain alleged fact existed or happened in the past, it is not sufficient to prove only or no more than a possibility, however substantial the possibility may be, so long as it is only a possibility. There the proof must establish the fact as a probability, using that word in its ordinary and common acceptation. This has so often been declared by this Court and all other courts that the citation of authority upon it is no longer necessary. But when the inquiry is one of foreseeability, is as regards a thing that may happen in the future, and to which the law of negligence holds a party to anticipation as a measure of duty, that inquiry is not whether the thing is to be foreseen or anticipated as one which will probably happen, according to the ordinary acceptation of that term, but whether it is likely to happen, even though the likeli-

hood may not be sufficient to amount to a comparative probability.

It is true, as already mentioned, that remote possibilities are not within the rules of negligence as respects foreseeability. As said in Illinois Central Railroad Co. v. Bloodworth, supra, these rules do not demand "that a person should prevision or anticipate an unusual, improbable, or extraordinary occurrence, though such happening is within the range of possibilities. . . . Remote possibilities do not constitute negligence from the judicial standpoint." On the other hand, in order to bring the rule of liability into operation, it is not necessary that the chances that a damage will result shall be greater than the chances that no damage will occur. The test as respects foreseeability is not the balance of probabilities, but the existence, in the situation in hand, of some real likelihood of some damage and the likelihood is of such appreciable weight and moment as to induce, or which reasonably should induce, action to avoid it on the part of a person of a reasonably prudent mind. Tullgren v. Amoskeag Mfg. Co., 82 N. H. 268, 133 A. 4, 46 A. L. R. 380, and the numerous cases cited; 45 C. J., pp. 657, 658. See, also, Sec. 289, A. L. I. Restatement Torts, Vol. 2, Negligence, and City of Greenville v. Laury, 172 Miss. 118, 159 So. 121.

The vendor of an inherently dangerous commodity, such as gasoline, is under duty to use cautious care to distribute the same in reasonably safe containers, the degree of care thereinabout to be commensurate with the danger, and the obligation of this duty is not dependent upon contractual relations, but extends to all who may lawfully use, or be in the vicinity of, the container, 11 R. C. L., pp. 701, 702; 45 C. J. 845, 847, 849. There is a sufficient number of cases cited in the notes to Hopper v. Cooper & Co., 104 N. J. L. 93, 139 A. 19, 55 A. L. R. 187, 194, to fully disclose the rule as stated on this point, when those cases are carefully examined.

The drum, or gasoline container, involved herein was of standard material, construction and manufacture, and of the kind in general use; and had it been in reasonably good repair there would, of course, be no liability. But the proof is that the drum had been in use nine years; that the threads in the bung plug or bung cap were broken, bent and jagged; that this condition had been brought about by repeated hammering on the bung cap during the course of its use,—a condition which had attracted the attention of one of appellants' employes before the container was sent out on this occasion. There is no adequate proof to show that appellee had equal knowledge or appreciation of the significance of this fact, or any knowledge which was sufficient to put the use at his risk as by the so-called assumption thereof, as contended for by appellants,—leaving aside whether, if the facts were otherwise, there would be assumption of risk, rather than contributory negligence. Compare Standard Oil Company v. Evans, 154 Miss. 475, 122 So. 735. The proof is sufficient to show that a person of ordinary prudence, and mindful of the duty of cautious care with which appellants were charged, should have known of the condition aforesaid and should reasonably have anticipated, as a likelihood of weight and moment, that a sudden fire or explosion would be caused by the stated condition of unrepair; and hence appellants are liable for the injury to appellee which resulted.

The other assignments have been considered, and we do not find in them sufficient to require a reversal.

Affirmed.