HARVEY *et al. v.* SMITH.

(In Banc. Nov. 25, 1940. Suggestion of Error Overruled Dec. 23, 1940.)

[198 So. 739. No. 34302.]

**Brewer & Sisson,** of Clarksdale, for Mike Harvey, appellant and cross-appellee.

**Jamie L. Whitten** of Charleston, for appellee and cross-appellant.

Argued orally by **Ed C. Brewer**, for appellant and cross-appellee Mike Harvey; **Lucius E. Burch**, Jr., for appellant I. C. R. R. Co.; and by **Jamie L. Whitten**, for appellee and cross-appellant.

**Griffith, J.**, delivered the opinion of the court.

Appellant, Mike Harvey, had a contract to construct the approaches to the overhead bridge on Highway No. 6 at the point about one mile south of Batesville. The overhead bridge is across the line of the Illinois Central Railroad at this point. The dirt for constructing the approach on the west side had to be procured at a place a short distance to the east of the railroad track, and to accom-

modate this work Harvey obtained a permit to install a temporary crossing over the railroad south of the overhead bridge, with the understanding that he would keep the railroad tracks at the crossing free from dirt, which otherwise would accumulate on the tracks as a result of the operation of the motortrucks in hauling the dirt across the railroad.

The temporary crossing was constructed by Harvey as contemplated, and, with its approaches, was approximately fourteen feet wide. Appellee Smith was employed by Harvey to keep the dirt free from the tracks at the crossing and was furnished with the necessary tools for that purpose. While engaged in this work when a truck would approach and be about to cross the railroad track, appellee would step aside on the track, and when a train would approach and be about to reach the crossing appellee would step aside upon one of the fourteen-foot approaches to the crossing until the train had passed, and there is no suggestion that this was not a reasonably safe means and method for this work under ordinary and normal conditions.

On the afternoon in question a southbound train of the railroad company was bearing down upon the crossing at a speed variously estimated at from twenty-five to fifty miles per hour, and when the train had reached a point about forty feet from the crossing, a truck driven by another employee of Harvey rapidly dashed across in front of the train, with the result that appellee Smith could use neither the railroad track nor the approach to the crossing as a place to avoid the moving objects, and in endeavoring to get out of the way was hit by the train and severely injured.

What happened has been accurately summed up by appellee in one of his briefs, wherein he says: "The train and the truck getting to the crossing together is what created plaintiff's immediate position of peril. Each cut off plaintiff's way of escape from the danger of the other. If either had stopped or slowed down, plaintiff could

have avoided the other, if seen in time." In this connection it is to be stated that, upon his own admission, appellee saw both the train and the truck in time to have avoided either except for the other.

An action was brought by appellee against the railroad company and Harvey. The trial court correctly granted a peremptory instruction in favor of the railroad company, but submitted the case as against Harvey to the jury which returned a verdict for the plaintiff. We are of the opinion that Harvey was also entitled to the peremptory charge.

The alleged negligence complained of against Harvey is that he failed to use reasonable care to furnish to the plaintiff a reasonably safe place to work. Over and over it has been held by this Court that an employer is not an insurer, and that he is not required to guard against possibilities. His obligation is to use reasonable care to provide against such eventualities as, in a given situation, a reasonably prudent person should have anticipated or foreseen as likely to happen. Wilson & Co. v. Holmes, 180 Miss. 361, 372, 177 So. 24; Gulf Refining Co. v. Williams, 183 Miss. 723, 733, 185 So. 234.

Shall the employer here be held to an obligation to have anticipated or foreseen, as a thing likely to happen, that one of the truck drivers would be so reckless of his life and of his truck as to dash in front of a rapidly approaching train in such close proximity as to endanger not only himself but a fellow worker as well? Rather would not every reasonable anticipation be that every truck driver would stop his truck before reaching the crossing when a train is nearing that crossing? There is no testimony that the truck drivers were in the habit of taking such risks; there is no testimony that any truck driver on this work ever did it on any occasion before the one here in question.

A proper analysis of the facts conducts the case to the point that the only actionable negligence here presented

was that of the truck driver, who was a fellow servant of the plaintiff; wherefore there can be no recovery except as against the fellow servant who was not sued.

Affirmed on cross-appeal; reversed and judgment here on the direct appeal.