Hill Air of Gadsden, Inc. (hereinafter "Hill Air"), appeals from a judgment against it and in favor of Richard Marshall. Marshall sued Hill Air for damage to his Cessna 210 aircraft that occurred during a windstorm while the aircraft was moored at Hill Air's tie-down facility at the Gadsden Municipal Airport. The two theories Marshall included in his complaint were (1) breach of a bailment contract and (2) negligence.
Hill Air raised the affirmative defense of contributory negligence and further asserted that any and all damage to the aircraft was proximately caused by an act of God.
The case was tried before a jury. The trial judge denied Hill Air's motion for directed verdict, and the jury returned a $25,000 verdict for Marshall. The trial court entered a judgment thereon. Hill Air filed a motion for judgment notwithstanding the verdict, or in the alternative, a new trial, which motion was denied. This appeal followed.
It appears from the record that approximately six (6) months before the damaging storm, Marshall had contracted with Hill Air for the purpose of mooring his plane, for which service Marshall paid a monthly sum of $25.00.
In order to immobilize the aircraft, the tie-down facility provided a metal cable with two ropes attached, which were to be looped through rings, one ring affixed to the underside of each wing on the aircraft. The metal cable was secured to the tarmac. There was, however, no apparatus or method available for tying down the tail section of the aircraft.
In the late afternoon of April 5, 1985, a severe windstorm caused Marshall's Cessna 210 aircraft to overturn. The ropes from the wings to the cable were left intact, but the cable broke near one end. The resulting damage to the aircraft forms the basis of Marshall's claim.
Hill Air took the position during trial that the sole proximate cause of the damage to the aircraft was an act of God and that it was entitled to a directed verdict. We disagree.
In Louisville N.R.R. v. Finlay, 237 Ala. 116, 185 So. 904
(1939), this Court stated that an act of God occurs only when *Page 17 
there exists "the 'intervention of such an extraordinary, violent and destructive agent, as by its very nature raises a presumption that no human means could resist its effect.' " The Court added:
 "The expression 'act of God' has been employed in various and broad senses by the authorities, such as an 'extraordinary convulsion of nature or a direct visitation of the elements, against which the aids of science and skill are of no avail,' or an 'accident produced by physical causes which are irresistible,' and other such expressions of like nature."
237 Ala. at 118, 185 So. at 905. The Supreme Court of Mississippi held that:
 "No one is liable for an injury proximately caused by an act of God, which is an injury due directly and exclusively to natural causes without human intervention, and which could not have been prevented by the exercise of reasonable care and foresight. But an act which may be prevented by the exercise of ordinary care is not an act of God which would immunize a tort-feasor from liability."
City of Jackson v. Brummett, 224 Miss. 501, 80 So.2d 827, 829
(1955).
We have reviewed the evidence, and we are of the opinion that the court did not err in refusing to direct a verdict in Hill Air's favor. The storm in this case was not such a bizarre occurrence that it could not have been logically anticipated.
It is interesting to note that an employee of Hill Air testified that there was an additional cable for a second line of planes located behind Marshall's plane, which cable stayed intact. He further testified that the planes tied to that cable were not damaged by the storm.
The facts in this case are strikingly similar to those inCentral Aviation Co. v. Perkinson, 269 Ala. 197, 112 So.2d 326
(1959), where this Court observed:
 "In the case at bar the precaution which the defendant was under a duty to take was to supply adequate ropes of sufficient strength to withstand normal and usual winds and to follow proper procedure in the use of these ropes in the knots used to insure that they would not come unfastened. It seems to us that from this evidence it is obvious that the defendant failed in his duty to protect against a foreseeable danger. It further seems to us that ropes of sufficient strength, whether from age or otherwise [sic], and proper tying procedures were not utilized on the plane of the plaintiffs. The fact that other similar aircraft on the same line with plaintiffs' aircraft did not break away from their moorings indicates that inadequate equipment or procedures were employed on the aircraft of the plaintiffs. . . . In our judgment the jury could properly find that the appellant was negligent in its conduct toward the appellees and that it failed to provide the service promised." (Emphasis added.)
269 Ala. at 201-02, 112 So.2d at 329.
In other words, Hill Air may not find sanctuary in the argument that the damage was caused by an act of God when, but for its negligence, the damage would not have occurred.Shephard v. Graham Bell Aviation, 56 N.M. 293, 243 P.2d 603
(1952).
Factual disputes are to be resolved by the trier of fact. Based on the evidence, the jury must have found that the cable was of inadequate strength or that a means should have been provided for securing the tail section, and, thus, that Hill Air had employed inadequate procedures.
 "A jury's verdict is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust. This presumption of correctness is further strengthened when a motion for new trial is denied by the trial judge."
Pate v. Sunset Funeral Home, 465 So.2d 347 (Ala. 1984).
After carefully reviewing the record, we conclude that there is substantial evidence to sustain the jury's verdict. The jury was warranted in finding that the damage to Marshall's aircraft could have been prevented by the employment of reasonable foresight on the part of Hill Air by providing adequate means to anchor the aircraft. Central Aviation Co. v. Perkinson, supra. *Page 18 
Consequently, we hold that the trial court did not err in denying Hill Air's motion for directed verdict and its alternative motion for judgment notwithstanding the verdict or new trial.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.