The jury returned a verdict favoring Ms. Lindblom, and the trial court entered a judgment on that verdict. The trial court denied Intercontinental's motion for judgment notwithstanding the verdict and conducted a hearing, pursuant to Hammond v.City of Gadsden, 493 So.2d 1374 (Ala. 1986), in which it determined that the verdict was not excessive. A jury's verdict is presumed correct and will not be disturbed unless plainly it is erroneous or manifestly unjust. United American InsuranceCo. v. Brumley, 542 So.2d 1231, 1233 (Ala. 1989); Pate v. SunsetFuneral Home, 465 So.2d 347 (Ala. 1984). That presumption of correctness is strengthened when a motion for new trial is denied by the trial court. Brumley, at 1233; Hill Air ofGadsden, Inc. v. Marshall, 526 So.2d 15, 17 (Ala. 1988). A remittitur is proper only when the record establishes that the award is excessive as a matter of law or that the verdict is based upon bias, passion, corruption, or other improper motive.Hammond, at 1379.
The record does not indicate that the jury's verdict was in any way improper. To apply properly the presumption of correctness that attends the jury's verdict requires that the judgment of the trial court in regard to liability be affirmed; the majority does affirm in that regard. I concur in the portion of the opinion that affirms the judgment as to liability. However, the record does not establish that the award was either excessive or based upon bias, passion, corruption, or any other improper motive; the trial court did not err in denying a remittitur. Accordingly, I dissent from the portion of the opinion that orders a remittitur.