# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CA-00819-SCT

*ELI INVESTMENTS, LLC, A MISSISSIPPI*
*LIMITED LIABILITY COMPANY*

*v.*

*SILVER SLIPPER CASINO VENTURE, LLC, A*
*DELAWARE LIMITED LIABILITY COMPANY;*
*SILVER SLIPPER GAMING, LLC, A LIMITED*
*LIABILITY COMPANY; AND BROADWATER*
*DEVELOPMENT, LLP*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2011 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT T. SCHWARTZ |
| | JEFFREY W. BERTUCCI |
| | LAURENCE E. BEST |
| ATTORNEYS FOR APPELLEES: | JOEL J. HENDERSON |
| | EDWARD D. LAMAR |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 07/25/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.    Eli Investments, LLC, sued Silver Slipper Casino Venture, LLC, and Silver Slipper

Gambling, LLC (collectively "Silver Slipper"), and Broadwater Development, LLC, to

recover for damages sustained to Eli's Biloxi hotel when Silver Slipper's casino allided[1] with

_____

[1] An "allision" refers to contact between a vessel and a stationary object, such as a
pier.  This is compared to "collision," which refers to contact between two moving vessels.

it during Hurricane Katrina. The trial court granted Silver Slipper's and Broadwater's motions for summary judgment. Eli now appeals the trial court's grant of summary judgment to Silver Slipper. Finding that Eli has presented a genuine dispute of material fact regarding Silver Slipper's negligence, we reverse the trial court's grant of summary judgment to Silver Slipper and remand for further proceedings.

## FACTS & PROCEDURAL HISTORY

¶2.     In April of 2005, Silver Slipper purchased the President Casino, a casino barge, and entered into a lease of the tidelands[2] and fast lands[3] making up the Broadwater Beach Marina area in Biloxi, Mississippi, from Broadwater Development, LLC.[4] The President Casino was not employed as a mobile vessel, but was secured to the marina by a mooring system of six four-legged mooring "dolphins" and permanent couplings. This system was designed to allow the casino to rise securely with the tide to a height of between fifteen and twenty feet above normal tide levels.

¶3.     On August 28, 2005, the Mississippi Gaming Commission ordered Silver Slipper to close the President Casino to prepare for the imminent landfall of Hurricane Katrina. At that

---

*Black's Law Dictionary* 83 (8th ed. 2004). "Allide" is the verb form of "allision."

[2] "Tidelands" refers to land between the high-water and low-water tide lines that is uncovered by the natural ebb and flow of tidal waters. *Black's Law Dictionary* 893 (8th ed. 2004).

[3] "Fast lands" refers to the land above the high-water tide line and that, when flooded by a government project, is subjected to a governmental taking. *Black's Law Dictionary* 1520 (8th ed. 2004).

[4] Silver Slipper Casino Venture, LLC, maintained the casino property, including the moorings that secured the casino's barge. Silver Slipper Gaming, LLC, operated the casino to ensure compliance with Gaming Commission regulations.

time, operations at the President Casino were discontinued, patrons were escorted from the casino, all utilities were disconnected, and the barge's access ramp was raised.

¶4.     Hurricane Katrina made landfall on the Mississippi Gulf Coast in the morning hours of August 29, 2005. The hurricane's peak storm surge and peak wind gusts occurred nearly simultaneously around the time of landfall. The storm surge in Biloxi reportedly reached a height of twenty-five feet above mean sea level, but was higher in some areas. During the storm surge, the President Casino barge floated free of its moorings and traveled roughly one mile in a west-northwesterly direction, finally alliding with and coming to rest on top of the Biloxi Beachfront Hotel, which was owned by Eli.  Eli claims the allision destroyed the hotel's main building and caused extensive damage to other parts of the hotel.

¶5.     In 2007, Eli filed suit against Silver Slipper and Broadwater for negligence and gross negligent conduct. Eli claimed Silver Slipper had failed to maintain the casino barge properly prior to and during Hurricane Katrina. Eli also claimed that Broadwater had failed to properly maintain the dock site and mooring system that it leased to Silver Slipper.

¶6.     In 2010, Silver Slipper and Broadwater moved for summary judgment. In support of its motion, Silver Slipper claimed that any duty it owed to Eli was set by Gaming Commission regulations.   Because the President Casino met these mooring requirements, Silver Slipper contended it had met its duty to Eli. Silver Slipper also asserted the "Act of God" defense, arguing that it could not have prevented through any reasonable measures the damage caused by Hurricane Katrina's unprecedented storm surge and wind gusts.

¶7.     The trial court granted summary judgment to Silver Slipper, finding that Silver Slipper had taken reasonable precautions to prevent foreseeable injuries to nearby property owners

3

by complying with the Gaming Commission's licensing regulations. In addition, the court found that Katrina was an "'Act of God,' unforeseeable in its fury and the destruction it caused." The trial court also granted summary judgment to Broadwater. Eli did not appeal the grant of summary judgment in favor of Broadwater.

¶8.     Eli timely appealed to this Court the trial court's grant of summary judgment to Silver Slipper. Eli raises the following issues:

>   I.      **Whether the circuit court erred in holding that no genuine issues of material fact existed regarding Silver Slipper's breach of its duty to take reasonable precautions to protect those in close proximity of the President Casino.**
>
>   II.     **Whether the circuit court erred by applying the Act of God Defense to Silver Slipper, given the questions of fact raised by Eli regarding Silver Slipper's negligence.**

### STANDARD OF REVIEW

¶9.     A trial court's grant of summary judgment is reviewed de novo. ***Davis v. Hoss***, 869 So. 2d 397, 401 (Miss. 2004). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The evidence must be viewed in the light most favorable to the party opposing the motion. ***Davis***, 869 So. 2d at 401.

### DISCUSSION

¶10.    To prove negligence, the plaintiff has the burden to establish (1) the existence of a duty owed to it by the defendant; (2) a breach of that duty; (3) a causal connection between the breach of duty and the alleged injury to the plaintiff; and (4) injury and damages. ***Rein***

4

*v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143-44 (Miss. 2004). If a triable issue of fact regarding each of these elements exists, then summary judgment must be reversed. ***Lyle v. Mladinich***, 584 So. 2d 397, 399 (Miss. 1991).

¶11.	The existence *vel non* of a legal duty is a question of law to be decided by the court. ***Rein***, 865 So. 2d at 1143. Here, the trial court correctly found that Silver Slipper "owed a duty to owners in close proximity to take reasonable measures to prevent foreseeable injuries in the event of a hurricane." It is also clear from the record that the President Casino's unmooring caused damage to Eli's property. The question, then, is whether Eli offered sufficient evidence to create a dispute of fact as to whether Silver Slipper breached that duty to take reasonable measures to prevent foreseeable harm to Eli.

> I.	**Whether the circuit court erred in holding that no genuine issues of fact existed regarding Silver Slipper's breach of its duty to take reasonable precautions to protect those in close proximity to the President Casino.**

¶12.	Whether the defendant breached its duty to the plaintiff is a question of fact. ***Lyle***, 584 So. 2d at 400. The standard of care applicable to negligence cases is whether the defendant "acted as a reasonable and prudent person would have under the same or similar circumstances." ***Donald v. Amoco Prod. Co.***, 735 So. 2d 161, 175 (Miss. 1999) (citations omitted). The defendant must take reasonable measures to remove or protect against "foreseeable hazards" that he knows about or should know about in the exercise of due care. ***Millers of Jackson, Meadowbrook Road, Inc., v. Newell***, 341 So. 2d 101, 103 (Miss. 1976).

¶13.	Viewing the evidence in the light most favorable to Eli, as this Court must do when reviewing a grant of summary judgment, we find that Eli has offered sufficient proof to

create a genuine dispute of material fact regarding Silver Slipper's breach of its duty to take reasonable precautions to protect those in close proximity to the President Casino during Hurricane Katrina. Eli provided the trial court with the affidavit of Greg S. Perkin, P.E., who inspected the President Casino's mooring system after Hurricane Katrina. Perkin opined that the storm surge caused by Hurricane Katrina was foreseeable to Silver Slipper in light of prior storm history in the Gulf of Mexico, and that Silver Slipper failed to consider what would happen if the casino barge encountered a significant storm surge. Perkin's opinion was supported by statistics from the National Oceanic and Atmospheric Administration citing at least three hurricanes with storm surges of greater than fifteen feet in the Mississippi Gulf Coast prior to Hurricane Katrina. Second, Perkin opined that the moorings typically used to restrain a vessel in position along a dock in a marina were not sufficient to restrain the President Casino if it encountered a significant storm surge, as experienced along the Mississippi Gulf Coast during prior hurricanes.

¶14. In response, Silver Slipper provided the court with the affidavit of Henry R. Seawell, III, P.E, who inspected the President Casino and its mooring system in 2005. Seawell opined that the President Casino was adequately moored to comply with Mississippi Gaming Commission Regulation II(B)(10). The regulation requires that all floating casino barges be moored "to withstand a Category 4 hurricane with 155 mile per hour winds and 15 foot tidal surge" as a condition of licensure. Miss. Admin. Code 13-1-3:II-B, § 10. Next, Seawell opined that it would not have been feasible to attempt to move the casino to a safe harbor, due to the minimal amount of time between the first hurricane warning and Hurricane Katrina's landfall. Finally, Seawell opined that the President Casino did not float free from

6

its moorings until some time after Hurricane Katrina's storm surge reached higher than fifteen feet, which was higher than the Gaming Commission regulations protected against. Nothing in Seawell's affidavit contradicts Perkin's assertion that the meteorological effects of Hurricane Katrina were foreseeable to Silver Slipper.

¶15. We find that Seawell's and Perkin's differing opinions established a "battle of the experts" on the issue of whether Silver Slipper took reasonable steps to secure the President Casino to prevent foreseeable harm to nearby property owners. This Court has held that the winner in a battle of the experts is to be decided by the jury. *Hill v. Mills*, 26 So. 3d 322, 330 (Miss. 2010). Moreover, Silver Slipper's alleged compliance with Gaming Commission regulations does not automatically shield it from liability. "[S]tate boards and commissions are creatures of statute and have no powers other than those delegated to [them] by the Legislature." *Howard v. Estate of Harper*, 947 So. 2d 854, 859 (Miss. 2006) (citing *Masonite Corp. v. State Oil & Gas Bd.*, 240 So. 2d 446, 449 (Miss.1970)). It is clear that Regulation II(B)(10) was enacted merely as a condition of licensure, not as a conclusive standard of care for all casinos in all circumstances.

¶16. Silver Slipper has offered evidence that it acted reasonably under the circumstances. Eli has offered competing evidence that Silver Slipper failed to moor the President Casino adequately to withstand Hurricane Katrina. "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co.*, 594 So. 2d 1170, 1172 (Miss. 1992) (quoting *Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 762 (Miss. 1989) (internal citations

7

omitted)). Because Eli has shown a genuine dispute of material fact concerning a breach of Silver Slipper's duty, we hold that the trial court erred in granting summary judgment to Silver Slipper.

> **II.** **Whether the circuit court erred by applying the Act of God defense to Silver Slipper, given the questions of fact raised by Eli regarding Silver Slipper's negligence.**

¶17. The trial court found that Silver Slipper was excused from liability for damages to Eli's property because Hurricane Katriana was an "Act of God," unforeseeable in the destruction it caused. Eli argues that the Act of God defense is not available to Silver Slipper because Silver Slipper's negligence served as the intervening cause of Eli's damages.

¶18. The Act of God defense is an affirmative defense to the element of causation. "No one is liable for an injury proximately caused by an act of God[.]" *City of Jackson v. Brummett*, 80 So. 2d 827, 829 (Miss. 1955). An Act of God is an injury due exclusively to forces of nature, without human intervention, which could not have been prevented by the use of due care and reasonable foresight. *Brummett*, 80 So. 2d at 829. The Act of God defense applies to "events in nature so extraordinary that the history of climatic variations and other conditions in the particular locality affords no reasonable warning of them." *McFarland v. Entergy Mississippi, Inc.*, 919 So. 2d 894, 904 (Miss. 2004). However, an injury which could have been prevented through the use of ordinary care is not an Act of God which would remove the tortfeasor from liability. *City of Hattiesburg v. Hillman*, 76 So. 2d 368, 370 (Miss. 1954).

¶19. We have found that there exists a genuine dispute of material fact as to whether Silver Slipper was negligent in mooring the President Casino adequately to withstand Hurricane

8

Katrina. If a jury finds that Silver Slipper, through the exercise of reasonable care, could have prevented the damage to Eli's property, the Act of God defense will not apply. *See Biloxi Yacht Club, Inc. v. Grand Casinos of Mississippi, Inc.-Biloxi* (denying defendant's motion for summary judgment based on Act of God defense when a dispute of fact existed as to whether defendant was negligent in designing its casino barge's moorings.) Accordingly, we find that Silver Slipper is not entitled to summary judgment based on the Act of God defense.

## CONCLUSION

¶20. The trial court erred in granting summary judgment in favor of Silver Slipper because Eli presented sufficient evidence to create a genuine dispute of material fact as to whether Silver Slipper breached its duty to take reasonable measures to prevent foreseeable harm to nearby property owners. Accordingly, this Court reverses the trial court's grant of summary judgment and remands this case to the Harrison County Circuit Court for further proceedings.

¶21. **REVERSED AND REMANDED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**