KITCHENS, Justice,
dissenting:
¶20. Because Cherri Porter’s homeowners’ insurance policy provided coverage for a barge’s crashing into her home and the question of whether a storm such as Hurricane Katrina was foreseeable is an issue of material fact best left for determination by a jury, I respectfully dissent.
I. Cherri Porter’s homeowners’ insurance policy provided coverage for the event of a barge alliding with her house.
¶ 21. The interpretation of an insurance policy is a question of law which we review de novo. Noxubee Cty. Sch. Dist. v. United Nat'l Ins. Co., 883 So.2d 1159, 1166 (Miss.2004).
¶ 22. When interpreting insurance contracts, “[ejxclusions and limitations on cov *987 erage are ... construed in favor of the insured. Language in exclusionary clauses must be ‘clear and unmistakable,’ as those clauses are strictly interpreted.” United States Fid. & Guar. Co. v. Martin, 998 So.2d 956, 963 (Miss.2008) (internal citations omitted).
¶ 23. Porter contracted with State Farm Fire and Casualty Company for an all-risk homeowners’ insurance policy. This policy covered all risks or perils, unless the risk was specifically excluded. State Farm contends that the following provision excluded the damage caused by a barge that crashed into Porter’s home: “We do not insure under any coverage for any loss which would not have occurred in the absence of ... Water Damage, meaning: ... flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, whether driven by wind or not[.]”
¶ 24. In Corban v. United Services Automobile Association, 20 So.3d 601 (Miss.2009), the Corbans filed suit against United Services Automobile Association (USAA), arguing that USAA fraudulently denied their claims.based on damage that their home had sustained during Hurricane Katrina. Their homeowners’ insurance policy excluded losses due to “water damages,” and contained an “anticoncur-rent cause” (“ACC”) provision. The policy, however, did not contain an exclusion for damages caused by wind.
¶ 25. In response to USAA’s motion for summary judgment, the circuit court found that the policy “bars coverage for water damage and only the water damage, whether occurring alone or in any order with another cause.” Id. at 612.
¶26. This Court considered the ACC provision and found a jury question, reasoning:
[T]he facts presented in the case sub judice do not reveal a claim by either party that an indivisible force (wind and flood), occurring at the same time, caused direct physical damage resulting in simultaneous loss to the property. Based upon the record as it now stands, and as presented by both parties, the subject perils acted in sequence, not concurrently, i.e., at different times, causing different damage, resulting in separate losses. It is only when the two perils converge at the same point in time, contemporaneously and operating in conjunction, that there is a “concurrent” cause or event. If the wind peril causes damage resulting in a loss either before or after the water peril (“flood”) causes damage resulting in a loss, the losses are not “concurrent.” Only if it can be proven that the perils (wind and flood) contemporaneously converged, operating in conjunction -to cause loss, that the “concurrent” provision will apply. In that circumstance, the policy clearly excludes coverage.
[[Image here]]
Based on the evidence thus far presented, the same loss with multiple causes is not at issue here. Thus., a finder of fact must determine what losses, if any, were caused by wind, and what losses, if any, were caused by flood. If the property suffered damage from wind, and separately was damaged by flood, the insured is entitled to be compensated for those losses caused by wind. Any loss caused by “[flood] damage” is excluded.
Id. at 614-15, 616; see also Robichaux v. Nationwide Mut. Fire Ins. Co., 81 So.3d 1030 (Miss.2011) (holding that summary judgment was improper because genuine issues of material fact remained with respect to whether structures and personal property were damaged by wind prior to the storm surge).
*988 ¶ 27. In the present case, the insurance policy contained the following ACC clause: “[w]e do not insure for such loss, regardless of: .... whether other causes acted concurrently or in any sequence with the excluded event,to produce the loss.” Porter has adduced proof that the damage to her home was not from flooding but instead from the collision of Grand Casino’s barge with her house. The violent collision of an oceangoing barge with one’s house does not fit any reasonable definition of “water damage” under the policy at hand or mder any commonly understood definition of “water damage.” Consistent with our determinations in Corban and Robichaux that there was a genuine issue of material fact for a jury to determine whether the damage to the those policy holders’ homes was caused by wind or water, a jury in this case should be trusted to ascertain the difference between damage caused by water and damage caused by‘a vessel’s crashing into an insured’s residence. Clearly, this is a genuine issue of material fact that is appropriate for resolution by a jury.
II. Whether Grand Casino was negligent in mooring its casino barge and failed to prevent foreseeable damages in the event of a hurricane is a question of fact which is best left for determination by a jury.
¶28. The Circuit Court of the Second Judicial District of Harrison County granted summary judgment in favor of Grand Casino, finding that .the storm surge from Hurricane Katrina was unforeseeable and an “Act of God.” . .
¶ 29. In reviewing a lower court’s grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547 (¶ 13) (Miss.1998). Rule 56 of the Rules of Civil Procedure provides the basis for summary judgment:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
¶ 30. This Court will consider all of the evidence before the trial court in the light most favorable to the nonmoving party. Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995).
¶ 31. To succeed on a claim for negligence, the plaintiff must prove duty, breach, causation and injury. Meena v. Wilburn, 603 So.2d 866, 869 (Miss.1992).
¶ 32. The majority declares that Grand Casino “owed a duty to property owners in close proximity to take reasonable measures to prevent foreseeable injuries in the event of a hurricane.” The majority goes on to find, however, that the harm in this case, the Grand Casino barge’s coming unmoored during the storm surge and striking Porter’s house, was unforeseeable.
¶ 33. Under our .well-established precedent, for a person or entity to be liable for another’s injury, the cause of injury must be of such character and done under such circumstances that the actor reasonably should have anticipated some injury as a probable result. Mauney v. Gulf Ref. Co., 193 Miss. 421, 9 So.2d 780, 781 (1942). Stated differently, for a party to be liable, the injury must be a foreseeable result of negligent conduct. See id. This Court has adopted a broad definition of foreseeability, holding simply that things are foreseeable if they are “not unforeseeable.” Billups Petroleum Co. v. Entrekin, 209 Miss. 302, 313, 46 So.2d 781, 784 (1950) (“It is no defense that the liability is seen .to extend beyond the risk— The' test is not always *989 whether an intervening or activating cause is foreseeable if it be not unforeseeable.”). This Court has expressly rejected the argument that there is no negligence because the injury rarely occurs, or never before occurred. Gulf Ref. Co. v. Williams, 183 Miss. 723, 185 So. 234, 235 (1938) (citing Crawford v. City of Meridian, 174 Miss. 875, 165 So. 612 (1936)). With regard to foreseeability, the “inquiry is not whether the thing is to be foreseen or anticipated as one which will probably happen, ... but whether it is likely to happen, even though the likelihood may not be sufficient to amount to a comparative probability.” Williams, 185 So. at 236. This Court also has held that defendants “cannot escape liability because a particular injury could not be foreseen, if some injury ought to have been reasonably anticipated.” Delta Elec. Power Ass’n v. Burton, 240 Miss. 209, 126 So.2d 258, 261 (1961) (emphasis added).
¶ 34. Foreseeability is relevant to both the duty and proximate cause elements of a negligence claim. Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1143 (Miss.2004). The difference between defining the issue.of foreseeability as one of duty or of proximate cause is the standard of review that we apply. Id. We review questions of duty de novo because duty is a matter of law; but we review foreseeability as it relates to proximate causation under a clearly erroneous standard, because it generally is considered an issue of fact that is best decided by a jury. Id.
¶ 35. Here it is indisputable that Grand Casino had a legal duty to protect against foreseeable damages in the event of a hurricane.
¶ 36. Turning to the element of breach, Porter argues that Grand Casino breached its duty to protect against foreseeable damages in the event of a hurricane by allowing its barge to come unmoored from its dock during Hurricane Katrina. This Court has addressed almost identical facts to the ones in this case in Eli Investments, LLC v. Silver Slipper Casino Venture, LLC, 118 So.3d 151 (Miss.2013). In that case, Eli Investments sued Silver Slipper Casino Venture and Silver Slipper Gambling (collectively “Silver Slipper”), and Broadwater Development to recover damages that befell Eli’s hotel when Silver Slipper’s casino crashed into, it during Hurricane Katrina. Id. at 152. The trial court granted Silver Slipper’s and Broad-water’s motions for summary judgment, finding that Hurricane Katrina’s storm surge was unforeseeable. , Id. at 153-54. This Court' disagreed, finding that “that Eli has offered sufficient proof to create a genuine dispute of material fact regarding Silver Slipper’s breach of its duty to take reasonable precautions to protect those in close proximity to the ... Casino during Hurricane Katrina.” Id. at 155.
¶ 37. ' Porter has produced evidence that Grand Casino had not performed mandatory, annual safety inspections on its mooring system and that Grand Casino did not have a heavy-storm mooring plan, which was a deviation from customary practice. However, the gravamen of Porter’s complaint alleges a cause of action under the doctrine of sic utere tuo ut alienum non laedas, or the obligation to use one’s property in such a manner that it does not disturb others; See Southland Co. v. Aaron, 221 Miss. 59, 72 So.2d 161, 166 (1954); Negligence, as pled in Porter’s complaint, is used in the broad sense of lack of. due care in the use and care of Grand Casino’s property. If Grand Casino had a duty of due care in the maintenance of its property, particularly to prevent foreseeable damages in the event of a hurricane, and its barge became unmoored during the course of Hurricane Katrina, there necessarily exists a question of fact regarding *990 whether Grand Casino breached its duty of care. Thus, Porter has alleged sufficient facts to establish a genuine issue of material fact regarding whether Grand' Casino breached its duty of care.
¶38. Grand Casino has produced affidavits from two experts who aver that Grand Casino took reasonable measures to prevent foreseeable injuries because it had exceeded the Mississippi Gaming Commission’s regulations by mooring its barge so that the barge could withstand a seventeen-foot-high storm surge. However, in Eli Investments, we held that “alleged compliance with Gaming Commission [mooring-related] regulations does not automatically shield [casinos] from liability.” Eli Investments, 118 So.3d at 155. “[S]tate boards and commissions are creatures of statute and have no powers other than those delegated to [them] by the Legislature.” Howard v. Estate of Harper, 947 So.2d 854, 859 (Miss.2006) (citing Masonite Corp. v. State Oil & Gas Bd., 240 So.2d 446, 449 (Miss.1970)). In Eli, we found that the Gaming Commission’s mooring-related regulations were “enacted merely as a condition of licensure, not as a conclusive standard of care for all casinos in all circumstances.” Eli, 118 So.3d at 155. Therefore, by producing expert affidavits saying that Grand Casino had exceeded Gaming Commission mooring regulations, Grand Casino has not proven that it satisfied its duty to prevent foreseeable damages in the event of a hurricane.
¶ 39. So our analysis turns to whether Hurricane Katrina was an event extreme enough to qualify it as an Act of God, thereby relieving Grand Casino of liability. The Act of God defense is an affirmative defense to the element of causation. “No one is liable for an injury proximately caused by an act of God[.]” City of Jackson v. Brummett, 224 Miss. 501, 80 So.2d 827, 829 (1955). An Act of God is an injury due exclusively to forces of nature, without human intervention, which could not have been prevented by the use of due care and reasonable foresight. Id. The Act of God defense applies to “events in nature so extraordinary that the history of climatic variations and other conditions in the particular locality affords no reasonable warning of them.” McFarland v. Entergy Mississippi, Inc., 919 So.2d 894, 904 (Miss.2005). However, an injury which could have been prevented through the use of ordinary care is not an Act of God which would absolve the tortfeasor of liability. City of Hattiesburg v. Hillman, 222 Miss. 443, 76 So.2d 368, 370 (1954).
f 40. Porter has produced evidence that Hurricane Katrina was a Category Three hurricane which caused a storm surge of twenty-one to twenty-five feet and that multiple storms have hit the Gulf Coast with comparable storm surges: Hurricane Andrew (seventeen feet storm surge), Hurricane Opal (twenty feet storm surge), Hurricane Ivan (fifteen feet storm surge), and Hurricane Camille (twenty-five feet storm surge). Although an issue of fact exists about whether Hurricane Katrina was an unprecedented event in terms of its destructiveness, it is unreasonable to suggest, as a matter of law, that a Category Three hurricane’s hitting the Mississippi Gulf Coast was unforeseeable. Porter has presented sufficient evidence to create a genuine issue of material fact regarding whether, through the use of ordinary care, Grand Casino could have avoided its barge’s coming unmoored during Hurricane Katrina. Donald v. Amoco Prod. Co., 735 So.2d 161, 174 (Miss.1999) (“While duty and causation both involve foreseeability, duty is an issue of law, and causation is generally a matter for the jury.”).
¶ 41. Finally, Grand Casino’s barge forcefully struck Porter’s home, causing damages.
*991 ¶ 42. Ultimately, Porter has articulated a prima facie claim that Grand Casino was negligent in failing to moor its barge so as to ensure it would remain moored during a hurricane, and this case should be submitted to a jury.
CONCLUSION
¶ 43. In summary, a loose barge’s destruction of an onshore dwelling is not fairly characterized as “water damage” under the terms of Porter’s homeowners’ insurance policy. Further, Grand Casino had a duty to prevent foreseeable damages in the event of a hurricane. Whether Hurricane Katrina was such an unforeseeable circumstance that Grand Casino is relieved of liability is a question of fact for the jury to decide, not a question of law for this Court’s resolution. I respectfully dissent.